SWEARINGER BROTHERS, Respondents, v. PACIFIC FIRE
INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, April 6, 1896.

1. **Insurance**: ARBITRATION: APPELLATE PRACTICE.  Under the arbitration clause in a standard insurance policy the plaintiff should demand arbitration as a condition precedent to his right to sue; but where, as in this case, the defendant assumes the initiative and demands the arbitration and tries his case on that theory, he can not complain of plaintiff's neglect in the appellate court.

2. ———: SELLING REMNANT OF STOCK: ARBITRATION: DEMURRER. The policy provided that defendant should take the undestroyed stock at its appraised value.  *Held,* if there was no appraisement the right to take it did not attach, and this regardless of whose fault caused the failure to appraise; and the plaintiff's sale of the remnant without the consent of the defendant can not in this case be taken advantage of by demurrer to the evidence.

3. ———: PROOFS OF LOSS: NOTARY'S CERTIFICATE.  A policy provided that the insured should, if required, furnish a certificate from the nearest magistrate.  The insured, without requirement, did furnish a certificate.  The insurer objected that the certificate did not mention. the damage.  *Held,* this did not amount to a requirement for such certificate.  *Aetna Insurance Co. v. Bank,* 62 Fed. Rep. 222, distinguished.

*Appeal from the Randolph Circuit Court.*—HON. JOHN
A. HOCKADAY, Judge.

AFFIRMED.

*Willard P. Cave* for appellant.

(1) The policy sued upon in this action makes the award of appraisers as to the amount of loss or damage a condition precedent to a recovery.  The court, therefore, erred in not directing the jury to find a verdict for defendant on account of plaintiffs' failure or refusal to arbitrate.  *Murphy v. Ins. Co.,* 61 Mo. App. 323;

*McNees v. Ins. Co.*, 61 Mo. App. 335; *Kahnweiler v. Ins. Co.*, 57 Fed. Rep. 562; *Mossness v. Ins. Co.*, 50 Minn. 341; *Hamilton v. Ins. Co.*, 136 U. S. Sup. Ct. 242; *Scott v. Avery*, 5 H. L. Cas. 811; *Lumber Co. v. Ins. Co.*, 80 Mich. 116; *Mfg. Co. v. Assurance Co.*, 106 N. C. 28; *Gasser v. Sun Fire Office*, 42 Minn. 315. (2) The court erred in not directing the jury to find for defendant because of plaintiffs' wrongful act in selling the remainder of the goods after the fire without the knowledge or consent of defendant. *Hamilton v. Ins. Co.*, 136 U. S. 242. Defendant's refused instruction number 6 was a correct declaration of the law relative to the certificate of the magistrate or notary public nearest to the place of the fire. No attempt at compliance with this objection is claimed by plaintiffs; and appellant claims that the court erred in refusing said instruction. *Ins. Co. v. Bank*, 62 Fed. Rep. 222; *Hubbard v. Ins. Co.*, 57 Mo. App. 1.

*Frank P. Wiley* and *A. H. Waller* for respondent.

(1) Appellant's point 1 is that the court erred in not directing the jury to find a verdict for defendant on account of plaintiffs' failure or refusal to arbitrate. This contention of appellant is untenable because the trial court was not asked to make any such ruling as a matter of law, and no exception saved on this ground either during the trial, or in motion for new trial or in arrest. *Meller v. Railroad*, 105 Mo. 455; *Bank v. Gallaher*, 43 Mo. App. 492. (2) Appellant's second point can not be considered on appeal. No such point was made in the trial court, or ruled on, or exception saved. R. S. 1889, p. 547, sec. 2085; *Brennan v. City of St. Louis*, 92 Mo. 489. (3) Plaintiffs' instruction 4 correctly declares the law. There was no evidence of any request for a certificate of the nearest

notary or justice of the peace.   The instruction might have been refused on the grounds that there was no evidence upon which to base it.   In any aspect of the case, however, the instruction was not prejudicial.

ELLISON, J.—This action is on a policy of fire insurance on a stock of merchandise, in which plaintiffs recovered judgment in the trial court.

The policy provided that in case of loss, the amount thereof should be determined by the parties; that if they could not agree, then the loss was to be determined by arbitration; that the amount thus determined should be paid within sixty days after such determination.   The policy was, in all respects, similar to the policies in *Murphy v. Ins. Co.* and *McNees v. Ins. Co.*, 61 Mo. App. 321, 335.

The petition declared that plaintiff had performed all the conditions of the policy on his part.   The answer of defendant set up that after the disagreement of the parties, the "defendant, *in pursuance of the terms of said policy of* insurance, and after plaintiffs and defendant had disagreed as to the amount of the loss, notified and demanded from plaintiffs an appraisement of the loss, under the policy of insurance aforesaid, and defendant then and there named and selected a competent and disinterested appraiser and requested and notified plaintiffs to choose and select another disinterested and competent appraiser, as provided by the terms of said policy of insurance, all of which demands so made by defendant on plaintiffs were refused, they, the said plaintiffs, then and there refusing to enter into any appraisement of said loss, as in said policy of insurance is provided."

The evidence disclosed that the parties disagreed as to the amount of the loss, and that thereupon defendant's agent demanded an arbitration and drew up

an agreement to arbitrate, which he handed to plaintiff. But there is evidence which tends to show that each of the parties attached conditions to the arbitration, and as to how the arbitration should proceed. The evidence showed there was no arbitration.

The instructions asked by each party were based upon the theory presented by the answer that it was defendant's duty to demand arbitration, in case of disagreement. The defendants asked that the jury be directed, that if it did so demand and that the plaintiffs refused, the finding should be for defendant. The court gave the instructions on this theory, as asked, save a proviso added, that defendant did not attach conditions to its offer of arbitration not authorized by the policy. The case was evidently tried before the cases of *Murphy* and *McNees* (*supra*) were promulgated. Under those cases, it was the duty of plaintiff, upon disagreement, to have offered to arbitrate; it was a condition precedent to his right to sue. But it is apparent from the record that the case was not tried on that theory and it is a rule constantly applied by the supreme court and the courts of appeals, that the appellate courts will determine the case on the same theory on which it was presented to the trial court. From this consideration we are compelled to rule the point now made on this head, against defendant.

The second objection made by defendant is based on the fact that after the arbitration failed, plaintiffs sold the remnant of the stock without the consent of the company. No point was made on this to the trial court, unless it is to be considered as embraced in defendant's demurrer to the evidence. But it could not properly have had the effect of destroying plaintiffs' case, so as to justify the demurrer, from the fact that the rights of defendant under the policy, as to

the remnant of the stock, only arose in the event there was an arbitration. The policy gave defendant the right to take the stock undestroyed, at its appraised value. If there was no appraisement, the right did not attach, especially when the want of appraisement was chargeable to defendant. So, therefore, if there was no appraisement, there was no right in defendant to take the stock at its appraised value. And this is true, regardless of whose fault it was. If plaintiff's fault, then they could not recover at all. If defendant's fault, it could not maintain a claim which depended upon appraisement. Under the instructions of the court, the jury evidently found that there was no appraisement on account of the fault of defendant's agent.

The foregoing sufficiently disposes of defendant's third point and so with the specific objections to instructions given and refused on the question of arbitration.

The next question relates to the matter of the notary's certificate. The policy contained a provision that the plaintiffs should, "if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor, or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify." It will be noticed that this certificate is to be furnished by the assured, if required by the company. The only evidence that it was required, was that plaintiffs sent in proofs of loss and had attached thereto a certificate of a notary public. The defendant, through its agent, acknowledged receipt of the proofs and proceeded to state "exceptions and replies to said papers." There were nine separate exceptions, or objections, the eighth

being: "That the certificate of one W. H. Evans, as notary public, attached to said papers, does not contain or mention the loss or damage that you may have sustained to said property by fire." It is then stated in defendant's letter, that the papers are held subject to plaintiffs' order. We do not consider the foregoing as amounting to a requirement by defendant that plaintiffs shall furnish the certificate. The fact that plaintiffs sent a certificate, voluntarily, without being required to do so, does not, of itself, put defendant in a position to take advantage of its being imperfect. Where the certificate was voluntarily furnished and rejected, it was just as though it had not been furnished at all. And when one has not been furnished, no harm results to the assured, unless it has been demanded. But the mere act of rejecting the certificate was not, by any means, tantamount to demanding one.

To sustain its position, defendant has cited us to the case of *Aetna Ins. Co. v. People's Bank*, 62 Fed. Rep. 222, a case in the United States circuit court of appeals, in which Chief Justice Fuller was sitting. The policy in that case contained a provision like the one in controversy, and the assured had voluntarily furnished, with his proofs of loss, a certificate from a notary. But in that case, the defendant, in acknowledging receipt of the proofs and of the attached certificate, not only called attention to deficiencies, but requested further and more specific information as to the proofs, and closed with these words in reference to the notary's certificate:

"Furthermore, you will please state what is the exact relationship of J. E. Watson to you, and in what other way he may or may not have been connected or associated with you in business, or other interests at the time of fire. Upon the receipt of this information, without which we can reach no conclusion as to

State ex rel. v. County Court.

your loss, we will give the claim further consideration. We hold the papers subject to your orders."

Thus it will be seen that while in the first instance the certificate was voluntarily furnished, the company afterward *required* a perfect certificate. The vital fact of requiring a certificate appears in the case cited and is lacking in the case at bar.

We have not discovered anything in the record which would justify our overturning the judgment and it is accordingly affirmed. All concur.