O. R. DeLand & Sons, Appellants, v. Aetna Insurance Company, Respondent.

68 277
89 111

**Kansas City Court of Appeals, May 4, 1896, and January 11, 1897.**

1. **Insurance:** CLERICAL ERROR : AGENT'S ASSURANCE. In making out the application and policy of insurance plaintiffs were described as DeLand & Son, in the singular. Upon the receipt of the policy plaintiffs called the agent's attention thereto, showing him that it should be "sons," in the plural. The agent replied that the policy was all right and the mistake was a clerical error. *Held*, defendant can not afterward take advantage of the mistake.

2. ———: ERROR : SOLICITING AGENT : EVIDENCE. Though a mere soliciting agent can not bind the company by statements relating to the sufficiency of the policy, yet in this case there was evidence tending to show that the agent was more than a mere solicitor.

3. ———: PROOFS OF LOSS : FAILURE TO OBJECT.  Informal proofs of loss were furnished about thirty days after the fire and were retained without objection until the sixty day limit had expired.  *Held*, objections thereafter came too late.

4. ———: CERTIFICATE OF MAGISTRATE : WHEN EXCUSED.  A stipulation requiring the certificate of the nearest magistrate is reasonable; but where the nearest magistrate is an attorney employed by the insurer and refuses to make the certificate and another magistrate likewise refuses for some cause to make the certificate and search fails to find another magistrate, the insured is excused from furnishing such certificate by reason of the defendant's act in employing the nearest magistrate.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*J. H. Davidson & Son* and *R. N. Banister* for appellants.

(1)   The court sustained a demurrer to plaintiffs' evidence and for the purpose of determining the propriety of its action in so doing, the rule is that the demurrer admits everything which the evidence conduced to prove, though but in a slight degree.  *Wilson v. Board of Education,* 63 Mo. 137; *Buesching v. Gaslight Co.,* 73 Mo. 219.   (2)   The first proofs of loss were sufficient.   A substantial compliance with the requirements of the policy will answer.   Wood on Fire Ins. [B. & B. Ed.], sec. 415, p. 709; 7 Am. and Eng. Ency. of Law, 1045.   And the reception and detection without objection  of  first  proofs  of  loss until March 16, 1894—after the time for making proofs of loss had expired, was a waiver of any defects therein. 7 Am. and Eng. Ency. of Law, 1056, and cases cited in notes.   Plaintiffs could properly have ignored defendant's demand for additional proofs of loss

for these reasons: *First*, it was made in bad faith since they did not intend to pay. *Second*, it came too late. *Third*, the proofs already furnished were the best that could be made and sufficient. (3) The certificate of a justice of the peace was unnecessary for the further reason that the defendant having been instrumental in preventing the nearest justice of the peace to the loss (Davis) to give the certificate by employing him in his capacity as attorney, absolved plaintiffs from that duty. Wood on Fire Ins. [B. & B.], sec. 416, p. 713. (4) Again, the court should have permitted plaintiffs to show by the witness, John DeLand, that at the time the insurance was solicited, he disclosed to Hightower the true title of the property offered to be insured, and the ownership and interest of the several partners therein. The court should have permitted plaintiffs to show that after the policy was delivered, they discovered that it was made to O. R. DeLand & Son instead of O. R. DeLand & Sons; that O. R. DeLand directed it, and John DeLand went to Hightower and called his attention to the mistake and requested its correction, etc. (5) Hightower was clothed with apparent authority to act, and DeLand had the right to deal with him as the agent and did so. *Grady v. Ins. Co.*, 60 Mo. 116; *Schmidt v. Ins. Co.*, 2 Mo. App. 339; Wood on Fire Ins. (B. & B.), sec. 398; *Bodine v. Ins. Co.*, 51 N. Y. 117; *Warner v. Ins. Co.*, 14 Wis. 318; *Baker v. Cotter*, 45 Me. 236. At least Hightower had charge of the office of defendant's at Jericho, in the capacity of his clerk, and his acts as such are binding. Wood on Fire Ins. [B. & B. Ed.], sec. 409, pp. 686, 687, 688, 689, 690, when the authorities are cited and discussed supporting our contention on this proposition.

*Fyke, Yates & Fyke* for respondent.

(1) The policy having been issued to O. R. DeLand & Son, recovery could not be had thereon in an action by O. R. DeLand & Sons without showing that the company issued the policy intending to thereby insure DeLand & Sons. *Wise v. Ins. Co.*, 23 Mo. 80. This was not done. (2) Notice to Hightower of the interest of DeLand & Sons was not notice to the company., because the record does not show any authority possessed by Hightower to represent the company. (3) Even had the record shown that Hightower was the appointee of soliciting agent, G. W. L. Shumate, still his knowledge would not bind the company because one agent has no power to delegate his authority to another, without his principal's knowledge or consent. *McClure v. Ins. Co.*, 4 Mo. App. *loc. cit.* 153; *McCollum v. Ins. Co.*, 65 Mo. App. 304; *Ruthven v. Ins. Co.*, 60 N. W. Rep. 663; *Waldman v. Ins. Co.*, 8 S. Rep. 66. (4) The certificate of a magistrate or notary public need not be demanded within the sixty days for making proofs of loss. The certificate is not a part of the proofs required to be made within sixty days, but is to be furnished, if required, under a distinct and separate policy condition. *Lane v. Ins. Co.*, 52 N. W. Rep. 649; 50 Minn. 227, last par.; *Ins. Co. v. Bank*, 10 C. C. A. 345. (5) The fact that the company had retained Davis, the nearest notary and magistrate, did not relieve the assured from furnishing the certificate. The assured was bound to procure the certificate of the nearest disinterested magistrate or notary. In the event of a capricious refusal they were bound to furnish the next. *Walker v. Ins. Co.*, 62 Mo. App. 209.

ELLISON, J.—This action is based on a fire insur-
ance policy issued by defendant. The trial court, at
the close of the evidence in behalf of plaintiffs, sustained
a demurrer to the testimony interposed by defendant.

The questions presented relate to the proofs of loss,
including a certificate from a notary public or justice
of the peace residing nearest to the place of the fire.
And also as to the correctness of the court's ruling in
rejecting an offer of evidence made by plaintiffs.

As to the latter, it seems that the policy was issued
in the name of O. R. DeLand & Son, while the action
is brought in the name of O. R. DeLand & Sons, there
being two sons interested, instead of one.
INSURANCE: cler- It further appears that shortly after the
ical error:
agent's assur- policy was delivered, plaintiff discovered
ance.
that it was not in the plural number, and
immediately went to the defendant's agent, through
whom they had obtained the insurance, and who had
taken the application, and made known to him the dis-
crepancy; and that he replied that the policy was all
right—it made no difference, and that it was a mere
clerical error, and that it covered the interest of all the
owners. We think the evidence should have been ad-
mitted. The error related to the application which the
agent took; the policy having followed the application
as taken by him. And so if this agent knew the proper
parties were O. R. DeLand & Sons, and yet took the
application as O. R. DeLand & Son, defendant can not
afterward take advantage of it.

But it is clear from the suggestion made in behalf
of the defendant, that this agent was regarded by the
company as merely a soliciting agent, without author-
ity to bind the company by statements relating to the
sufficiency of the policy. Without deciding that to be
a correct proposition of law, we will say that there is

evidence in this case which would justify the jury in finding the agent to be something more than a mere solicitor. There was evidence tending to show that he contracted the rate of premium, issued the policy, and collected the premium, and that he corresponded directly with the company.

*——: error: soliciting agent: evidence.*

Proofs of loss were made out and forwarded to defendant, which, for present purposes, we will assume were defective, and yet we hold them to be sufficient under the circumstances developed in evidence. It appears that the fire occurred December 9, 1893, and that the proofs were forwarded January 8, 1894. The defendant retained these proofs, without objection, until the sixty days' limit in which the policy required the proofs to be made, had expired. Under such circumstances, objection comes too late, and defendant must be held to have accepted the proofs as sufficient. See authorities in plaintiffs' brief.

*——: proofs of loss: failure to object.*

But it is claimed that plaintiffs' case is fatally defective, in that defendant required of them to furnish a certificate as to the honesty of the loss, etc., of the nearest notary public or justice of the peace, who was not interested in any way. Such requirement is one that is considered reasonable and is enforced by the courts. *Noonan v. Ins. Co.*, 21 Mo. 81. But there are circumstances which will excuse its performance, even though it be properly demanded by defendant, as it was in this case. In this case, the evidence shows that the nearest notary or justice of the peace to the fire, was an attorney (he filled both offices), who was in the employment of the defendant, he having been retained by the defendant after the fire. We consider that fact sufficient to excuse plaintiff from getting him. But the

*——: certificate of magistrate, when excused.*

evidence tends to show that plaintiffs, not knowing of the relationship between that notary and the defendant, applied to him to make the certificate, and that he very properly refused. The evidence further tended to prove that plaintiffs, or their attorney, afterward learned of another notary public (also said to be nearest the fire) and requested a certificate of him, which, for some reason not appearing, was refused. There was evidence further tending to prove that plaintiffs' attorney investigated in the town of Jericho, where the fire occurred, and did not learn of any other notary or justice. Now, if the triers of the fact believe that applications for a certificate were made to these parties and refused, and that the plaintiffs themselves, or their attorney, in good faith, made reasonable endeavor to find another official, their failure ought not to preclude a recovery, in the light of the conceded fact that it was *defendant's act*, in employing the notary and magistrate above mentioned, which *prevented* plaintiffs from obtaining the certificate.

The judgment, under the foregoing views, must be reversed and the cause remanded. All concur.