HENRY BURNETT, Respondent, v. AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. Insurance: KEEPING BOOKS: EVIDENCE: JURY. Evidence tending to show an account of sales from the date of the policy to the date of the loss together with a cash account with the bank, is sufficient to go to the jury on the question, whether the assured kept books according to the stipulations of the policy; and a finding in his favor under proper instruction closes the question.

2. ———: ———: COMPLIANCE. An assured is not required to keep a full set of books; but, if he keep an account of sales and preserves his invoices, he has substantially complied with the provision of the policy requiring him to keep an account.

3. ———: EVIDENCE: VALUE OF GOODS. Merchants who are acquainted with the stock of goods lost may testify as to their opinion of their worth; and in this case the evidence was sufficient to go to the jury and sustain the verdict.

4. ———: PROOFS OF LOSS: MAGISTRATE'S CERTIFICATE. Under the provision of the policy in suit the assured was required to furnish a magistrate's certificate of his proof of loss; and an objection to the proof because such certificate was not furnished, is not good unless such certificate had been requested beforehand. *Cases distinguished.*

5 ———: CONSTRUCTION: CONFLICTING PROVISIONS. When the language of an insurance policy is capable of two interpretations, that one must be adopted which is most favorable to the insured; and, where there are inconsistent provisions, effect will be given to the one most favorable to the insured.

6. **Appellate Practice**: VERDICT FOR THE RIGHT PARTY: HARMLESS ERROR: DAMAGES. In this case the instruction relating to the measure of damages, if erroneous, is harmless, since under appellant's theory the verdict could not have been less.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) Plaintiff's evidence shows that he utterly failed to comply with the reasonable condition of the policy that he should keep a set of books, showing a complete record of business transacted, including all purchases and sales for cash and credit. *Crigler v. Ins. Co.*, 49 Mo. App. 11; *Landman v. Ins. Co.*, 18 Ins. L. J. (La.) 813; *Kelly Goodfellow Co. v. Ins. Co.*, 33 S. W. Rep. (Tex.) 554; *Pelican Co. v. Wilkerson*, 13 S. W. Rep. (Ark.) 1103; *Ins. Co. v. Parker*, 32 S. W. Rep. (Ark.) 507; *Ins. Co. v. Bates*, 60 Ill. App. 39; *Ins. Co. v. Bates*, Id. 43. (2) Even if the court should hold that plaintiff is entitled to recover for the stock, the cause must be reversed because of the erroneous instruction given at plaintiff's instance—plaintiff's recovery under the contract is limited to three fourths of the actual cash value of the goods destroyed at the time of the fire. This instruction is clearly erroneous —the valued policy law, so-called, does not apply to personal property. R. S. 1889, sec. 5898. (3) The evidence of Davis and Callaway, as to the value of the stock, was too vague, indefinite, and uncertain, to entitle it to be received. Their estimates were mere guesses—that this kind of evidence is resorted to, and relied upon by claimant, demonstrates the wisdom and reasonableness, if it needs any demonstration, of the provision of the policy requiring books to be kept.

The court should have sustained defendant's objection to the evidence of Davis and Callaway. *Duff v. Ins. Co.*, 56 Mo. App. 355–362. (4) The insured failed to furnish defendant with a certificate of a magistrate as required. If this is so, he can not recover for either the buildings or stock. *Ins. Co. v. Bank*, 62 Fed. Rep. 222. Furnishing magistrate's certificate when required is a condition precedent. *Hubbard v. Ins. Co.*, 57 Mo. App. 1.

*M. C.* and *J. D. Shewalter* for respondent.

(1) The evidence does not fail to show that the insured failed to keep a set of books as required by the policy. (2) But should it be true that the recovery as to the personal property was limited to three fourths of its value, the instruction is harmless. The evidence shows, without dispute, that the lowest estimate of the value of the goods was $900, which would make the total loss deducting goods saved, some $710. So that if plaintiff is entitled to recover at all, he must, in any event, recover the full amount of the policy. (3) There was no error in admitting the evidence of Davis and Callaway. Callaway was a merchant doing business but two doors from plaintiff. He was in plaintiff's store daily, was familiar with the kind and character of goods, was acquainted with his trade and custom and both he and Davis stated that from such acquaintance they could state the value of the stock of goods. Davis was a traveling salesman, sold plaintiff goods, frequently examined his stock, to see what he had on hands. Defendant objects to the statement, by witnesses familiar with the stock, and its values; objects to a statement as to what the books show upon the subject, and then declines to introduce the books themselves, which were in court. (4) The policy

only provided that a certificate of the magistrate should be furnished if required. The letter of defendant was simply a statement that the certificate of the magistrate was defective. It was not a requirement that the certificate set forth in the policy should be furnished.

SMITH, P. J.—This is an action on a fire insurance policy, in which the plaintiff had judgment and the defendant appealed.

I.   The appealing defendant objects that the evidence does not show that the plaintiff complied with a provision of the policy pleaded in the answer, which obliged the plaintiff to keep a set of books showing a complete record of the business transacted by him, including sales for cash and on credit.

The testimony of the plaintiff was that he kept books and accounts, including a daybook, in which were made entries of his business; that he kept a cash account with the bank, in which were entered his daily sales; that his books showed the amount of sales on credit between the seventh and sixteenth of November—the former date being that of the application, and the latter that of the delivery of the policy and the fire. This, with other evidence, was sufficient to carry the case to the jury on the issue just stated. Whether the plaintiff kept a set of books as required by the provision of the policy already referred to, was fairly submitted to the jury, under the evidence and an instruction asked by defendant, and therefore the finding of the jury on the issue is conclusive. *Burnham v. Ins. Co.*, 63 Mo. App. 85.

INSURANCE:
  keeping books:
  evidence: jury.

It appears that the plaintiff had preserved the invoices of his various purchases of goods. The plain-

Burnett v. Ins. Co.

tiff was, under the policy, required to keep
—:—: compli-   such books only as constituted a record
ance.          which a person of ordinary intelligence,
accustomed to accounts, could understand.   The plain-
tiff's books were not as elaborate and complete as they
might have been, but they were probably about such
as are usually kept in the smaller stores of the country.
If the proprietor of such a store is not a bookkeeper
himself, he can not keep a full set of books, for the
reason that the volume of his business does not justify
it.   But if he keeps such books as we have just indicated
it is his duty to keep, that would be sufficient for all
practical purposes and a substantial compliance with
the requirement of the provision of a policy like that in
the present case.

II.   The defendant further objects that the court
erred in permitting certain witnesses to testify their
opinion as to the value of the plaintiff's stock at the
              time of the fire.   These witnesses were
—: evidence:   merchants and acquainted with the stock.
value of goods.
              They testified that it was worth from $800
to $1,000.   We do not think that the court erred in
overruling the defendant's objection to the testimony
of these witnesses.   Their testimony, along with that
of the plaintiff and his son, we think was quite sufficient,
under defendant's instruction relating to the question
of the value of the goods destroyed, to justify the
verdict.

III.   The defendant complains of the action of the
court in permitting the plaintiff to introduce in evi-
dence the proofs of loss, on the ground that the same
were not, as required by the policy, accompanied with
the certificate of a magistrate or notary public, attesting
his belief in the integrity of the fire and consequent
loss.   It is a sufficient answer to this complaint that it
nowhere appears from the evidence that the plaintiff

was, prior to the date of the proofs of loss, or at any other time, required by the defendant to furnish such certificate. When the plaintiff furnished his proofs of loss, which were timely, the defendant objected thereto on the ground that the same were not accompanied by a certificate that it had never requested. The policy did not, as in *Walker v. Ins. Co.*, 62 Mo. App. 209, require the certificate to accompany the proofs of loss as a part thereof, without a request first being made therefor. Here the plaintiff was not required by the policy to furnish the certificate unless requested by the defendant.

—: proofs of loss: magistrate's certificate.

There was no question as to the honesty of the loss. The defendant's adjuster declined to settle the same on the ground alone that it could not be ascertained from his books. If defendant had not been satisfied as to the honesty of the loss and had requested the plaintiff to furnish the certificate and he had refused compliance, then the point of objection would have been well taken; but to object merely because plaintiff had not furnished the certificate, when he had not been required to do so, was to object without tenable grounds therefor.

The case of *Ins. Co. v. Bank*, 62 Fed. Rep. 222, cited by defendant, is not sufficiently in point to sustain its contention. There the provision of the policy respecting the furnishing of the certificate was the same as here, but the assured, without any previous request, voluntarily accompanied the proofs of loss with the certificate, which certificate, when received, was unsatisfactory to the insurer, whose adjuster thereupon requested the assured to furnish an affidavit showing the exact business relationship between him and the notary who made the certificate. The assured neglected to comply with this request. It was held that although

the insurer had not requested the certificate, and that it was not necessary that it should have been attached to the proofs of loss in the first place, yet, since the assured had done so, he thereby obviated the necessity for a request by the insurer. It is thus seen that the facts in the two cases are dissimilar. The necessity for the request was in no way obviated by the plaintiff in the present case.

IV. The defendant finally insists that the instruction given for the plaintiff, to the effect that if the finding of the jury was for plaintiff to find the fair and reasonable market value of the goods destroyed, not to exceed $300. In the face of the policy it was provided that the loss or damage should be estimated at the actual cash value. On a slip attached to it was a stipulation that such loss or damage should be estimated at three fourths of the cash value. These two provisions which were introduced into the policy for the benefit of the defendant are manifestly repugnant, and were it not for the considerations hereinafter mentioned, the question of which should control, would be quite important.

The plaintiff's contention, of course, is that the meaning of the language of the policy is that the loss should be estimated at the actual value; while that of the defendant is that the loss should be estimated at three fourths of the value. Is it a well settled rule of construction that when the language of a policy is capable of two interpretations, that one must be adopted which is most favorable to the assured, because the language used is that of the insurer. *Hoffman v. Ins. Co.*, 56 Mo. App. 301; Wharton on Contr., sec. 385. No reason is seen why this just rule may not be invoked and applied where the policy contains two such incompatible provisions as in that before us. There is also another rule which

——: construction: conflicting provisions.

is applicable to a case like this, namely, that when repugnant or inconsistent statements or provisions appear in a policy, that statement or provision will be given effect which is most favorable to the assured. Wood on Ins., sect. 60, 62.

But if we are wrong in applying these rules in the solution of the question, still we can not reverse the judgment, for the reason that the evidence showed the actual value of the goods destroyed by the fire was from $800 to $1,000; so that, even if the court had instructed the jury, as the defendant insists it should have done, the result would have been the same, since

APPELLATE practice: verdict for the right party: harmless error: damages.

three fourths of the value of the goods— that is, from $800 to $1,000—was more than $300, the amount for which the goods were insured. No harm could have resulted to defendant in consequence of the commission by the court of the error in giving the instruction.

The judgment will be affirmed. All concur.