## R. G. SULLIVAN, Respondent, v. THE GERMANIA FIRE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, May 6, 1901.

1. **Insurance: VACANCY PERMIT: WHEN GRANTED.** Where the insured delivers his policy to the insurer's agent for the purpose of having a vacancy permit attached, and the agent accepts it for that purpose, the vacancy permit becomes operative from the time of delivery, without regard to when the permit was in fact attached.

2. ———: ———: CONDITIONS OF: EXTENT OF LIABILITY. The insured's interest is protected by a vacancy permit, since he could not recover without it, and where he simply asks for a permit without stating conditions, he will be bound by reasonable conditions contained in the permit, such as that the insurer will not be liable for more than two-thirds of the amount insured, if the property is destroyed while the permitted vacancy exists.

3. ———: PROOFS OF LOSS: MAGISTRATE'S CERTIFICATE. The requirement of a magistrate's certificate in connection with proofs of loss is a reasonable provision in a policy of insurance, but such certificate need not be furnished unless requested.

4. ———: ———: ———: REQUEST FOR. Where the insurer furnishes blank proofs of loss containing forms of magistrate's certificate and rejects two sets of proofs because they each fail to contain such certificate, there is an evident request for such certificate in the proofs; and the failure to furnish it will defeat a recovery on the policy unless otherwise waived.

Sullivan v. Germania Fire Ins. Co.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The policy provides for a magistrate's certificate. Such provision is reasonable, valid and binding, and when required to do so, insured must furnish such certificate. Noonan v. Ins. Co., 21 Mo. 81; Erwin v. Ins. Co., 24 Mo. App. 145; Fink v. Ins. Co., 60 Mo. App. 673; DeLand v. Ins. Co., 68 Mo. App. 277; McCullough v. Ins. Co., 113 Mo. 606, 613; Johnson v. Ins. Co., 112 Mass. 49; Kelly v. Sun Fire Office, 141 Pa. 10; Langel v. Ins. Co., 17 Up. Can. 2 B. 524; Lane v. Ins. Co., 52 N. W. Rep. (Minn.) 649. The plaintiff was required to furnish such certificate. These letters, and the blanks furnished, constitute a requirement by the company that plaintiff furnish the certificate. Williams v. Ins. Co., 39 Fed. Rep. 167. (2) The fact that insured did not know the exact nature and contents of the vacancy slip is immaterial. He asked to have his contract modified so that the house might remain vacant thirty days instead of ten. The company had the right to impose such reasonable conditions therefor as it saw fit; that the amount at risk during that period should be reduced was not unreasonable, because the hazard, when the house is vacant, is greater than when it is occupied.

*A. J. King* and *T. J. Myers* for respondent.

(1) We contend that the first proof of loss was sufficient; and that the second proof of loss was also sufficient and was mailed in time. 13 Am. and Eng. Ency. of Law (New Ed.),

p. 330. (2) The magistrate's certificate is no part of the proofs of loss, and need not be furnished with or as a part of them. 13 Am. and Eng. Ency. of Law (New Ed.), 352; Ins. Co. v. Gibbs, N. J. L. 679, 49 Am. St. Rep. 413. (3) Objections that proof of loss does not contain magistrate's certificate does not amount to a demand therefor. Burnett v. Ins. Co., 68 Mo. App. 343. (4) And if the certificate be not specially demanded, it can not be exacted. Swearinger Bros. v. Ins. Co., 66 Mo. App. 90; McNalby v. Ins. Co., 137 N. Y. 389; Moyer v. Ins. Co., 176 Pa. St. 579. (5) Here the adjuster appeared at the scene of the fire, investigated and inquired into the honesty of the loss, was satisfied therewith, admitted liability and offered to pay the full amount of the policy less one-third, to which he claimed the company was entitled by reason of said vacancy permit and denied all liability as to the said one-third. This we contend amounts to a waiver of proof. Murphy v. Ins. Co., 70 Mo. App. 86; 13 Am. and Eng. Ency. of Law (New Ed.), 346, and cases there cited. (6) The policy was left with the agent for the purpose of having the vacancy permit attached when the agent should be told to do so by the assured. And said vacancy permit was attached to the policy without the directions or consent of Sullivan and without any knowledge, upon his part, as to its terms or conditions,' and therefore void as to him.

ELLISON, J.—Plaintiff's dwelling house was destroyed by fire during the life of a policy of insurance issued to him by the defendant company. He sued for the amount of the policy and recovered judgment in the trial court.

It appears that the property was vacant when burned. On the day of the fire, plaintiff met defendant's agent in the city of Nevada at about noon and requested a vacancy permit to be attached to the policy, leaving the policy with the agent for

that purpose. Plaintiff and the agent separated; plaintiff not returning for the policy, the agent mailed it to him that day with permit for one month's vacancy attached. This permit provided that in case of loss during vacancy the company would only be liable for two-thirds of the sum insured. The fire occurred at about the time the plaintiff delivered the policy to the agent; whether the delivery was before the fire started, while it was in progress, or after it had destroyed the building, is not made clear by the evidence.

Only one instruction was given for plaintiff. It was in the following words: "If you shall believe from the evidence that at the time of the issuing of the policy of insurance sued on in this case the plaintiff owned, and at the time of the fire did own, the property insured by said policy, and that said property was wholly destroyed by fire on the eighteenth day of November, 1899, then your verdict should be in favor of the plaintiff. If you shall believe from the evidence that, at plaintiff's request, defendant's agent attached to said policy the vacancy permit now attached thereto before he had knowledge that the property had been destroyed by fire, and that plaintiff had knowledge of the condition of said permit, then the conditions of said permit are valid and binding on plaintiff, and your verdict in favor of the plaintiff should be for only two-thirds of the full amount of the policy. But if you shall believe from the evidence that said permit was not attached until after the property had been destroyed by fire, or if you shall believe from the evidence that plaintiff had no knowledge of the conditions of said permit, then your verdict should be in favor of the plaintiff for the full amount of the policy, five hundred dollars."

The delivery of the policy to defendant's agent by plaintiff for the purpose of having the vacancy permit attached thereto and the acceptance of the policy by the agent for that

purpose, operated, in law, as a permit granted from that time, though the agent may not have actually attached the permit until some hours later. His neglect, if he did neglect, to do what could be done in a moment's time, ought not to be allowed to nullify the policy during the time of the neglect. This can be made clear by a single suggestion: Suppose an assured should deliver his policy to the agent of the insurance company which issued the policy, for the purpose of having a vacancy permit attached. Suppose that the agent accepting it for that purpose, without cause, delays actually attaching the permit until next day, and in the meantime the property is destroyed. Would any one say that the company could successfully resist the loss on account of the premises being vacant? Certainly not. The answer to that question establishes that the vacancy permit in this case was in force from the time it was delivered to defendant's agent.

The policy being delivered to the agent in the manner aforesaid, and for the purpose aforesaid, plaintiff will be held bound by the usual conditions and limitations of such permits whether he had knowledge of them or not. The evidence shows that he merely asked for a permit, without stating any conditions, and he, of course, must be bound by the kind customarily issued by the defendant company on such requests, If he wanted one of a specific kind he should have so made his request.

It is to plaintiff's interest to maintain the validity of the permit, for without the permit he can recover nothing, since the policy shows that the property was an occupied dwelling-house and was to be void unless it continued to be such without change of possession except a mere change of occupants. Cook v. Ins. Co., 70 Mo. 610; Craig v. Ins. Co., 34 Mo. App. 481. It is true a mere casual or temporary vacancy occasioned by change of occupants would not forfeit the policy. Schultz

v. Ins. Co., 57 Mo. 331, 337. But the vacancy in this case was not of that nature, as is shown by plaintiff himself in obtaining a permit and recognizing it since. He has only claimed that he did not know the clause lessening the amount insured was incorporated therein. The permit recites that, in consideration of the vacancy allowed, the insurer shall not be liable for more than two-thirds of the amount insured if the property be destroyed while the permitted vacancy exists. Such provisions are reasonable, since the risk is greater for unoccupied property. ,It is therefore clear that in no event can plaintiff recover more than such two-thirds of the sum insured.

2. The policy contained a provision that the assured should, on request of the company, furnish the latter with a certificate of the nearest magistrate or notary public as to the character of the loss, etc. The right to request a magistrate's certificate has always been upheld as a reasonable provision which may be incorporated in insurance policies. Noonan v. Ins. Co., 21 Mo. 81; Erwin v. Ins. Co., 24 Mo. App. 145; Fink v. Ins. Co., 60 Mo. App. 673; De Land v. Ins. Co., 68 Mo. App. 277; McCullough v. Ins. Co., 113 Mo. 606, 613; Johnson v. Ins. Co., 112 Mass. 49; Kelly v. Sun Fire Office, 141 Pa. 10.

But it is generally considered that it is not necessary that such certificate be furnished unless requested by the insurer. What will be considered a request is often a matter of contention. In this case the defendant company furnished to plaintiff blank proofs of loss upon which to make proofs. The paper included as a part thereof a blank certificate of the nearest magistrate. When these proofs of loss were filled out and returned to defendant, it rejected them, stating, in writing, several reasons therefor; among these were that plaintiff had not made out and returned that part embracing the magistrate's certificate. Blank proofs of loss of same kind were again sent to defendant

and again rejected in writing as being insufficient, and again giving as one of the reasons that there was no certificate of the nearest magistrate or notary public, etc.    There can be no question but these written statements, or either of them, constituted a request for the certificate. The property-owner would be dull, indeed, who would not understand from them that the company wanted the certificate furnished. So, therefore, plaintiff's cause of action is destroyed for failure thus to comply with the plain terms of the policy unless defendant has waived such compliance; a matter which may or may not develop in the evidence.

Very slight change of facts frequently makes a great change in the interpretation of the acts of the parties.    Care must be used in distinguishing the difference of fact in different cases.    In Burnett v. Ins. Co., 68 Mo. App. 343, there was no request for the magistrate's certificate, directly or indirectly; but when the proofs of loss came in to the company it objected for the reason that they were not accompanied by the certificate.    In Swearinger v. Ins. Co., 66 Mo. App. 90, the insured voluntarily sent in a magistrate's certificate with the proofs of loss.    The certificate was then objected to as being insufficient.    In each of these cases it was held there had been no request made by the insurance company as contemplated by the policies.

But in this case the defendant sent to plaintiff, as now required by law (section 7977, Revised Statutes 1899) printed "blank forms of statements and proofs of loss as such insurance company may desire to be filled out," etc., and this paper contained a blank for the magistrate's certificate, as it might properly do under the wording of said statute.    The defendant wrote to plaintiff inclosing this blank, stating that "the entire provisions of which we shall expect you to comply with completely."    The certificate not being sent, the defendant, as

before stated, twice notified plaintiff in writing of the failure. The cases cited are clearly distinguishable from this case.

It is apparent from the foregoing that we regard the instruction given for plaintiff as erroneous. The judgment will be reversed and the cause remanded. All concur.