HOWERTON et al., Respondents, v. IOWA STATE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 29, 1904.

1. **INSURANCE: Value of Goods: Must Be Proven.** In an action on an insurance policy covering a stock of goods, it is necessary for plaintiff to prove the value of the goods at the time of the loss.

2. ———: **Valued Policy.** Section 7979, Revised Statutes 1899, having been enacted subsequent to sections 7969 and 7970, the term "property" used therein, relating to valued policies of insurance, embraces both personal and real property, as defined by section 4160 and is not limited to real estate under the provisions of sections 7969 and 7970.

3. ———: **Inventory: Waiver.** Where a policy of insurance on a stock of goods provides that an inventory should be taken within sixty days, but a rider was attached providing that an inventory should be taken at least once a year during the life of the policy, in an action on the policy, for the destruction of the property, brought within a year, the failure to take an inventory was not a defense.

4. ———: **Books and Safe.** And where the compliance of plaintiff with another provision of the policy, requiring him to keep books, preserve them in a place of safety and produce them on demand, was put in issue by the pleading, and the evidence was inconclusive upon that point, the issue should have been submitted to the jury upon proper instructions.

5. ———: ———: **Instructions.** But instructions concerning that point were properly refused, where they included the question of compliance with the clause requiring an inventory, the time limit for taking which had not expired.

Appeal from Scotland Circuit Court.—*Hon. E. R. McKee*, Judge.

REVERSED AND REMANDED.

*Edwin C. Meservey, John D. Smoot* and *James C. Davis* for appellant.

(1)    The burden of proof was upon the plaintiffs to plead and prove the value of the property at the time or its destruction, and the amount of the loss.   Joyce on Insurance, secs. 3769-3770; Wood on Insurance, sec. 42, p. 101; Green v. Ins. Co., 69 Mo. App. 430; Gustin v. Fire Ins. Co., 64 S. W. 179, 164 Mo. 172, affirming Gustin v. Ins. Co., 90 Mo. App. 373; Joy v. Ins. Co., 83 Iowa 15; Warshawky v. Ins. Co., 98 Iowa 226.   (2) The character of the property insured being purely personal, a stock of goods which fluctuates each day in value, this was not a valued policy, the provisions of section 7969 and 7970 of the Revised Statutes of Missouri did not apply, and before the amount of the loss could be properly determined the burden or proof was upon the plaintiff to establish the actual value of the property at the time of its destruction.   City of DeSoto v. Ins. Co., 74 S. W. (Mo. App.) 1; Millis v. Ins. Co., 68 S. W. 1066, 95 Mo. App. 211; Roberts v. Ins. Co., 72 S. W. 144, 94 Mo. App. 142.   (3) The provisions in the contract of insurance sued on concerning the taking and preserving of invoices and the keeping and preserving of books of account were just and fair, and there was sufficient evidence in the record upon which same should have been submitted to the jury.   Gibson v. Ins. Co., 82 Mo. App. 520; Burnett v. Ins. Co., 68 Mo. App. 346; Bunham v. Ins. Co., 63 Mo. App. 94; Crigler v. Ins. Co., 49 Mo. App. 16; Pearson v. Ins. Co., 73 Mo. App. 486; Keet-Roundtree D. G. Co. v. Ins. Co., 74 S. W. 469.   (4)   The court should have left it to the jury to compute the amount due plaintiff on the policy.   Corbitt v. Mooney, 84 Mo. App. 645.

*Mudd & Pettingill* for respondents.

(1)    The policy of insurance for $1,000 being admitted by the pleadings the value of the goods, at the time of the issuing of the policy, must have been, at

least, $1,333.33 1-3. The face of the policy is evidence of this fact and it devolves upon the company to show that the stock had become depreciated in value at, or prior to the time of the fire. No company shall take a risk on any property in this State at a rate greater than three-fourths of the value of the property insured, and when taken, its value shall not be questioned in any proceeding. Revised Statutes 1899, section 7979; Gibson v. Ins. Co., 82 Mo. App. 521; 16 Am. and Eng. Ency. of Law (2 Ed.), pp. 864 and 959; Baker v. Assurance Co., 57 Mo. App. 565; Green v. Ins. Co., 69 Mo. App. 429; Gustin v. Ins. Co., 90 Mo. App. 373, 164 Mo. 172; Roberts v. Ins. Co., 94 Mo. App. 142; Millis v. Ins. Co., 95 Mo. App. 211. (2) The evidence shows that the respondents complied with the terms of their policy so far as making and preserving books and papers relative to their business. A rider attached to a policy controls the provisions in the body of the policy. When a condition in a fire insurance policy requires the insured to make an inventory once a year, the insured has a year from the date of his policy in which to make it though the policy runs for one year only. McCollum v. Ins. Co., 61 Mo. App. 352.

### STATEMENT.

On October 11, 1901, the plaintiffs, respondents herein, purchased from the Gorin Mercantile Company, a general stock of merchandise and continued the business of retail merchants at Gorin, Missouri, until the fifth day of May, 1902, when their entire stock was destroyed by fire. On the twelfth of July, 1901, the Gorin corporation had obtained from defendant, appellant herein, a policy against loss or damage by fire to an amount not exceeding one thousand dollars upon its stock in trade; upon the purchase the insured indorsed this policy to respondents, which transfer was approved

by appellant. The contract of insurance was evidenced by a policy designated the "mercantile form" and embracing numerous provisions, many of which are not involved, but such as bear upon this controversy will be presented and considered as they appear material. Appellant, on May 15, 1902, repudiated any liability upon the policy, and this action was brought thereon.

The petition exhibited the foregoing facts, coupled with the allegations that at the time of the issuance of the policy, and at all times from such date to the occurrence of the fire, the stock of goods insured was of the value of thirty-six hundred dollars, and that while the policy was in force, May 5, 1902, all the goods insured and of the value stated were destroyed by fire, and plaintiffs' loss thereon was thirty-six hundred dollars; it further contained averments of compliance by the assignor and by the plaintiffs of all the conditions of the policy, which was filed with and made part of the petition.

The amended answer, upon which trial was had, was made up of a qualified general denial, a specific denial of the value of the property destroyed and special defenses based upon the conditions of the policy. The first of such affirmative defenses set forth, that as one of the conditions material to the risk, the policy provided that the insured thereby covenanted and warranted to keep a set of books, showing a complete record of the business transacted, including all purchases and sales, and to take an itemized inventory of the stock of merchandise, covered by the policy, at least once every year, and to keep such books with the last two inventories securely locked in a fireproof safe at night, and at all times when the store was not actually open for business, and in absence of a safe, to keep them securely in another building not exposed to fire; and if such invoice had not been taken within twelve months prior to the date of the policy, the assured agreed to

take an itemized inventory of the stock within sixty days thereafter, and in case of loss, the assured warranted and covenanted to produce and submit such books and inventories for examination, and as a condition precedent in case of loss, if assured should not have or should fail to produce or submit for examination such inventories or books, then no suit should be maintained on the policy against appellant.

The answer further quoted from the policy, as another condition attached to and made part thereof, that the assured thereby agreed to take an inventory at least once a year during the life of the policy, and to keep books of account correctly detailing all purchases and sales, and keep such inventory and books in a fireproof safe, or in some place secure against fire in another building during the hours the store was not open for business, and in case of loss that the assured agreed to produce such books and inventories and in event of failure to produce same, the policy should be void and no legal action maintainable thereon. The answer thereupon charged violations of such warranties and conditions, and consequent avoidance of the contract of insurance, and failure of right in plaintiff of recovery thereon. The answer continuing, embodied the averment that succeeding the fire, the adjusters of appellant went to Gorin to investigate the causes and circumstances of the fire, and demanded of plaintiffs the production of their books and invoices required by the above provisions of the policy, and plaintiffs informed the representatives of defendant, that they had no such books or invoices and same had not been prepared, kept and preserved as required by the terms of the policy, and could not be produced, and defendant relying on such statements informed plaintiffs the company was not liable and would require no preliminary proof of loss.

The reply contained a general denial, and the aver-

ment that by agreement between plaintiffs, defendant and the original assured, at time of issuance of the policy, and in consideration of the payment of the premium, that the clause attempted to be interposed as a special defense first above cited from the answer had been abrogated and waived, and the paragraph following providing that an inventory should be taken at least once a year during the policy, and for keeping books of account and preserving such inventory and books in a fireproof safe or in some place secure against fire in another building during the hours the store was not open for business, and in case of loss for the production of such books and inventories, had been substituted in its stead in the form of a rider attached to the policy.

At the trial the execution and delivery of the policy sued on was admitted, and likewise its due assignment to plaintiffs. One of the plaintiffs testified to the destruction by fire on the date named of the entire stock; that plaintiffs had purchased the stock about seven months anterior to the fire, and had sold goods therefrom and replenished the stock by purchasing from wholesale dealers named. That no safe was kept but respondents preserved at the dwelling of the witness their books, containing a complete record of the business transactions, which were at all times accessible to appellant. No evidence was offered by plaintiffs tending to establish the value of the goods at the time of the fire, nor proof of the loss occasioned to plaintiffs thereby. At the close of the evidence offered by plaintiffs, defendant asked an instruction that under the pleadings and the evidence, the verdict of the jury should be for defendant, which the court declined and gave at instance of plaintiff the following:

"1. The court instructs the jury that under the law and the evidence their verdict must be for the plaintiff in the sum of one thousand dollars with interest

thereon from the fifth day of July, 1902, at the rate of six per cent per annum.

"2. Your verdict may be in the following form: We, the jury, find for the plaintiff in the sum of one, thousand and eight and thirty-hundredths dollars.

——— —— ——— ———

"Foreman."

The defendant presented a series of instructions responsive to and submitting the defenses in its answer, which were refused by the court and will be considered in connection with the propositions upon which they are founded. A verdict for amount recited in the second instruction given was rendered and an appeal has ensued.

REYBURN, J. (after stating the facts as above). 1. Apart from and excepting statutory qualification presently discussed, the proposition may be justly designated as elementary that as a condition essential to recovery by plaintiffs upon the policy for destruction of their stock of merchandise, its value at the time of the loss should have been shown. The usual allegations of the valuation of this personalty and the resulting loss to plaintiffs were broadly charged in the petition, and the burden thus assumed of introducing proof in support of such averment devolved upon them. From the circumstances frequently attending a loss by fire, the legal rule adopted does not demand evidence conclusive in character or mathematical in certainty but merely the best obtainable under the conditions presented. The general rule is thus declared in an exhaustive treatise on the subject of insurance: "The amount of an insurance policy is held to be no evidence of the value of the property destroyed, and it is therefore necessary for the insured to prove the extent of this loss. Testimony which is of slight importance may be received to show the value of goods if it is the best which

can be produced and tends to show such value." 4 Joyce, sec. 3769.

In Gustin v. Ins. Co., 164 Mo. 172, transferred from this court, the allegation of the value of the property was declared material, and that it should have been made, but as therein the parties both introduced proof of the value of the chattels insured, the omission was held remedied by the verdict. To same effect is Green v. Ins. Co., 69 Mo. App. 429; Story v. Ins. Co., 61 Mo. App. 534; Gustin v. Ins. Co., 90 Mo. App. 373.

2. The theory of the trial court, which is sought to be upheld by respondent, was that under the statutes of this State, the contract became a valued policy, and section 7979, R. S. 1899, is appealed to in support of such interpretation. This section, under title of an act relating to fire insurance and form of policies, was enacted by the thirty-eighth general assembly, approved March 18, 1895, and in the concluding clause declares that no company shall take a risk on any property in this State greater than three-fourths of the value of the property insured, and when taken its value shall not be questioned in any proceeding. This law was passed subsequent to the enactment of sections 7969 and 7970, which provided for valued policies on real estate, but expressly recited that they should have no application to personal property. It follows, that if the law enacted in 1895 is inconsistent with those sections, in so far as it is inconsistent with them, it takes precedence of them as an amendment of the law. The question then is: What does the word "property" as used in section 7979 mean? Does it mean only real property or personal property? Section 4160 of the statutes says the word "property" in a legislative act should be construed to mean real and personal property, unless such construction would be plainly repugnant to the intention of the Legislature or the context of the act. We see no reason why the word property in section

Howerton v. Insurance Co.

7979 should not be construed to embrace both real and personal property. If the Legislature had intended it should apply only to real property, it is fair to suppose some limiting proviso would have been enacted, as in sections 7969 and 7970. We, think, however, it would be perfectly competent to show in defense of an action on a policy for loss by fire, that personal property covered by the policy, whether it was a stock of merchandise, or something else, had been reduced by sales, or that its value had depreciated before the fire. Insurance companies are in the habit of inserting clauses in their policies, as was done in the present case, providing for inventories, invoices and books to be kept by the insured in a place safe from fire, in order that the value of the consumed property may be ascertained when it consists of a stock of merchandise. It would be possible, therefore, to arrive at an approximately correct estimate of the loss in most cases. Be that as it may, the statute seems to us to be plainly susceptible of no other construction than that it embraces both personal and real property. This construction has been expressly put on it by the Kansas City Court of Appeals in a decision which is the only one so far that has taken note of the statute in question. Gibson v. Ins. Co., 82 Mo. App. 515. In none of the other cases was this statute called to the attention of the court or passed on.

3. The further objection is encountered that the conditions of the policy, respecting the making of an invoice and the keeping of books as pleaded and set forth in the paragraphs of the answer, were violated and not complied with. Applying the controlling rule of construction of a policy of insurance, that it must in all cases be liberally interpreted in favor of the insured (1 May, Insurance (4 Ed.), sections 174-175), by the so-called rider, which constituted an integral part of the policy (Crigler v. Ins. Co., 49 Mo. App. 11), the preceding provision governing the taking of inventory of the

stock was modified, the period within which it might be taken was extended so as to permit the preparation of the invoice during the year succeeding the issuance of the policy, which had not terminated at the time of the fire. McCollum v. Ins. Co., 61 Mo. App. 352. The compliance by the assured with the requirements to keep books on account correctly detailing all purchases and sales, and to preserve them in some place secure against fire in another building, during the hours the store was not open for business, and to produce them on demand thereof, constituted an issue joined, and an instruction submitting this question to the jury should have been given, but the instructions asked upon this branch of the case were properly refused, as they contemplated the taking of an inventory as well, the time limit for the preparation of which, as above demonstrated, was unexpired at the date of the loss. Burnham, etc., v. Ins. Co., 63 Mo. App. 85; Burnett v. Ins. Co., 68 Mo. App. 343; Gannon v. Gas Light Co., 145 Mo. 502; Mineral Land Co. v. Ross, 135 Mo. 101; Wolff v. Campbell, 110 Mo. 114.

4. The instructions previously set forth and given by the court encroached upon the domain of the jury and should not have been given. Corbitt v. Mooney, 84 Mo. App. 645.

For the errors indicated the judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.