M. A. GREEN, Respondent, v. LANCASHIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Insurance, Fire**: SUFFICIENCY OF PETITION. In a suit on a policy of fire insurance, for the loss of household goods covered by the policy, a petition, which failed to state the value of the goods, was not sufficient. *Story v. Ins. Co.*, 61 Mo. App. 534.

2. ————: PROOF OF VALUE OF PROPERTY: NONSUIT. In such case, the "valued policy law,". sections 1897, 1898, Revised Statutes, 1889, has no application. It was obligatory on plaintiff to prove the value of the goods destroyed, and for failure to do so, defendant was entitled to an instruction of nonsuit.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellant.

The petition in this case is insufficient for failure to state the value of the goods destroyed, or that the same was of any value. *Story v. Ins. Co.*, 61 Mo. App. 534.

The property insured not being real estate, the valued policy law of the state has no application. R. S. 1889, sec. 5898.

*O. T. Hamlin* for respondent.

BIGGS, J.—The defendant insured the household goods of the plaintiff in the sum of $600. All of the property was burned except a sewing machine. The petition is in the usual form, except that it fails to

allege the value of the goods. The answer is a general denial. There was a verdict for the plaintiff for $560.10 and judgment was entered thereon. The defendant appeals and assigns for error the insufficiency of the petition and evidence, and that the instruction which the court gave at the instance of the plaintiff is erroneous.

At the commencement of the trial the defendant objected to the introduction of any evidence, on the ground that the petition failed to state a cause of action. The objection should have been sustained. The petition failed to state the value of the goods, and in that respect it was fatally defective. This was our decision in *Story v. Ins. Co.*, 61 Mo. App. 534.

FIRE insurance: sufficiency of petition.

At the close of the evidence the defendant asked an instruction of nonsuit, which was refused. It ought to have been given. The plaintiff failed to prove the value of the goods. If it was necessary to allege their value, it was obligatory on the plaintiff to prove it. The ruling of the court on this question is explained by the plaintiff's instruction, which treated the case as coming under the "valued policy law," sections 5897, 5898, Revised Statutes, 1889. The latter clause of section 5898 expressly states that the provisions of the two sections "shall apply only to real property insured."

PROOF of value of property: nonsuit.

Our conclusion is that all of the assignments of error are well taken, and that the judgment of the circuit court must be reversed and the cause remanded. All the judges concur.