GRAGG & GRAGG, Respondents, v. NORTHWEST-
ERN NATIONAL INSURANCE COMPANY, Ap-
pellant.

**Kansas City Court of Appeals, June 29, 1908.**

1. **INSURANCE: Arbitration: Statute: Valued Policy.** The arbitration provision of an insurance policy is mandatory and constitutes a condition precedent to the insurer's liability; but under section 7979, Revised Statutes 1899, which applies to personal property also, the policy becomes a valued one, and if there be a total loss the appraisement is not necessary, unless there has been a dimunition in value or quantity of the property.

2. ———: ———: ———: ———: **Adjuster's Conduct.** Where the adjuster insisted that the burned property has depreciated in value and there is a disagreement between the parties as to the value, an action commenced before arbitration is prematurely brought. [Cullen v. Insurance Company, 126 Mo. App. 412, distinguished.]

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED.

*Fyke & Snider* for appellant.

(1) There was a disagreement as to the amount of loss when the insurer offered a sum in settlement, which insured refused to accept and thereupon the appraisal of the contract immediately became operative and no right of action could accrue to insured until there had been an appraisal of the amount of his loss or an effort put forth by assured to secure an appraisal. An action instituted before that had been done, is prematurely brought. Murphy v. Insurance Co., 61 Mo. App. 323; Murphy v. Insurance Co., 70 Mo. App. 78; McNees v. Insurance Co., 69 Mo. App. 238; Stevens v. Insurance Co., 120 Mo. App. 88; Zalesky v. Insurance

Co., 108 Iowa 341, 79 N. W. 69; Zalesky v. Insurance Co., 71 N. W. 566; Williamson v. L. & L. & G., 122 Fed. 59; Gasser v. Sun F. Ofs, 42 Minn. 315, 44 N. W. 252; Staut v. Phoenix, 56 Atl. 691, 65 N. J. Egt. 566; Graham v. Insurance Co., 34 Ins. L. J. 193, 79 N. E. 930 Ohio Sup. Ct.

*Irvin Gordon* and *Chas. E. Gilbert* for respondent.

(1) The loss being total there could be no appraisal, because an appraisement of property wholly destroyed would be an anomaly. O'Keefe v. Insurance Co., 140 Mo. 566; Stevens v. Insurance Co., 120 Mo. App. 106; Marshall v. Insurance Co., 80 Mo. App. 23; Jacobs v. Insurance Co., 61 Mo. App. 575; Baker v. Insurance Co., 57 Mo. App. 559. (2) The arbitrary conduct on the part of all of defendant's adjusters estops the insurance company from defeating this action on this policy by invoking the provision for arbitration. Cullen v. Insurance Co., 104 S. W. 117.

BROADDUS, P. J.—This is a suit on a fire insurance policy which was issued to plaintiffs June 16, 1906, for $1,500 covering $300 on store, office furniture and office fixtures and $1,200 on stock of general merchandise situated in a store at Sheldon, Missouri. Plaintiffs claim that there was a total insurance of $8,900 on their stock of goods and $600 furniture and fixtures. There was concurrent insurance on the property also in relation to which there is no issue made by defendant.

The plaintiffs acquired the property in suit in the latter part of February, 1906, and commenced business on or about March 1st, next thereafter and the business continued until August 1st following when a fire occurred which plaintiffs claim destroyed all the goods. Plaintiffs kept books showing sales and purchases made by them. The plaintiffs' evidence tends to show that

the goods were replenished from time to time after the date of insurance and that they were worth when destroyed $1,200 and the fixtures and furniture were worth from $800 to $1,000. After the fire the adjusters examined plaintiffs' books and informed plaintiffs that they had concluded that a discount of thirty-five per cent would have to be taken off the plaintiffs' estimate of the value of the goods at the time of the fire. The plaintiffs declined to accept the discount. Other adjusters came afterwards and placed the discount at twenty per cent on said estimated value of the goods to which plaintiffs did not assent. The parties failed to agree and neither side asked for an appraisement of the goods as provided by the policy in case of a disagreement as to value. For the purpose of the case as we view it this statement is all that is necessary to dispose of the principal and controlling questions affecting the rights of the parties litigant. The judgment was for plaintiff for the face of the policy, with six per cent interest, twenty-five dollars for vexatious delay and seventy-five dollars for attorney's fee. The defendant appealed.

There was as stated a condition in the policy that in the event of a disagreement as to the amount of plaintiffs' loss the disagreement should be settled by appraisers. As there was a disagreement and no such appraisement asked by plaintiffs and none had the defendant contends that plaintiffs cannot recover, the action being premature. It is held that the arbitration provision in a policy is mandatory and is a condition precedent to defendant's liability. [Murphy v. Insurance Co., 61 Mo. App. 323; McNees v. Insurance Co., 69 Mo. App. 232; Murphy v. Insurance Co., 70 Mo. App. 78.] Those decisions were not rendered in cases arising under the amendment of 1895, wherein it is provided by section 7979, Revised Statutes 1899, that "no company shall take a risk on any property in this

State at a rate greater than three-fourths of the value of the property insured, and when taken, its value shall not be questioned in any proceeding." It has been held that the section applies to insurance of personal property. [Gibson v. Insurance Co., 82 Mo. App. 515; Howerton v. Insurance Co., 105 Mo. App. 575; Stevens v. Insurance Co., 120 Mo. App. 88.] The effect of the statute is to fix the value of the property at the time of contract of insurance. Under the statute the plaintiffs were entitled, if there was a total loss, to the amount of the value of property insured less any depreciation in value or quantity. [Gibson v. Insurance Co., 82 Mo. App. 515.] This is a good law.

As we understand the case defendant's adjusters were not endeavoring to avoid the provisions of said section 7979 but on the contrary were asserting that the amount of goods destroyed did not equal in value the amount insured, and that there had been a diminution of from twenty to thirty-five per cent. To this statement of the adjusters plaintiffs did not agree, and that was all. Nothing was said as to settling any difference by the selection of appraisers to fix the value of the goods destroyed. The case therefore does not come within the rule expressed in Cullen v. Insurance Co., 104 S. W. 117, 126 Mo. App. 412. Where the adjuster of an insurance company after a loss stated to the insured that unless he would accept a certain sum in payment for the property totally destroyed, the loss would not be adjusted, and the insured could either accept the terms or sue, and the insured brought suit on the policy, the court held that the company was estopped to set up the defense of the arbitration clause in the policy.

The plaintiffs have failed to comply with the said condition of the policy and are not entitled to recover in this suit. Other questions are raised on the appeal,

but as what has been decided completely disposes of the case it is not essential that they be noticed. Reversed. All concur.