JOHN F. AVERY, RESPONDENT, v. MECHANICS INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals.    February 1, 1926.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2883, p. 914, n. 97; section 3013, p. 1031, n. 31; Fire Insurance, 26CJ, section 453, p. 355, n. 17; section 536, p. 414 n. 68; section 730, p. 520, n. 81; section 751, p. 537, n. 51; section 762, p. 546, n. 46; section 770, p. 556, n. 18; section 777, p. 561, n. 51; 26CJ, section 2, p. 19, n. 12; section 14, p. 32, n. 61; section 212, p. 175, n. 16, 23; section 406, p. 325, n. 24; section 415, p. 332, n. 26; section 766, p. 550, n. 86; section 769, p. 555, n. 12; p. 556, n. 14; section 777, p. 561, n. 54; section 778, p, 564, n. 72; p. 565, n. 74; section 796, p. 578, n. 12; Trial, 38Cyc, p. 1667, n. 85.

*Landis & Duncan* for respondent.

*John S. Boyer* and *Crow & Newman* for appellant.

ARNOLD, J.—This is an action to recover the sum of $600 for the total destruction of plaintiff's household goods, under the terms of a certain ordinary fire insurance policy issued to plaintiff by defendant on February 5, 1924, the life of the policy being three years from that date. The household goods in question were contained in plaintiff's home at No. 6503 Brown street in the City of St. Joseph, Mo.

The facts shown are that plaintiff lived with his family at the place designated and that he owned the adjoining house, No. 6501 Brown street, which was immediately north of that in which plaintiff lived, but that house was not fully completed at the time of the fire. On the night of July 24, 1924, the house at 6503 Brown street, together with plaintiff's household goods were destroyed by fire, with the exception of a few articles which were shown to have been damaged. Following the fire, plaintiff moved his family into his house at 6501 Brown street which, as stated, was not completed.

There is evidence to the effect that there were no articles of furniture in the house into which plaintiff moved his family, excepting, possibly one chair and an old bench; that the family slept on the floor on some straw and did their cooking in the back yard by a camp fire. The testimony is, further, to the effect that there were no rugs or

carpets, beds or bedding in the house at 6501 into which plaintiff moved on the day after the fire.

The agent of defendant company was notified of the fire and in a short time thereafter an adjuster for defendant called upon plaintiff for the purpose of adjusting the loss. There is testimony tending to show that plaintiff was greatly in need of money at the time; that the adjuster told him that the sum of $300 was the limit of defendant's liability under the policy, that no greater sum than that would be paid him, and that if he would accept that amount it would be paid in a few days.

Plaintiff testified that owing to his financial condition and relying upon and believing the adjuster's statement that he could not recover a greater sum, he agreed to a settlement for $300. This agreement was reached on July 27, 1924, and proof of loss for that amount was signed. The draft, however, was not issued until September 15, 1924, and plaintiff had no knowledge of its issuance and receipt at St. Joseph until October 5th, following. There is no evidence that a disagreement existed between the parties as to the property destroyed requiring the services of appraisers as provided in the policy in such an event. Plaintiff insists that the settlement was made entirely upon the understanding that the money was to be paid at once, and also under the mistaken belief that $300 was all plaintiff was entitled to recover under the terms of the policy.

The evidence in behalf of defendant is contradictory of that of plaintiff relative to the conversations and agreements between plaintiff and defendant's adjuster. The adjuster, William E. Gable, testified that plaintiff told him that $300 worth of furniture, or more, had been removed from the premises prior to the fire. That statement was denied by plaintiff who testified that he had not removed any of the furniture but, instead, that he had added $100 worth of furniture to his holdings between the date of the issuance of the policy and the date of the fire.

The petition alleges the issuance of the policy for $600, for which he paid a premium of $6; the total loss by fire on July 24, 1924, and the giving of legal notice of the fire and loss. Judgment was prayed in the amount of $600, based upon the total loss of the property insured.

The amended answer pleads the full settlement, prior to the institution of the suit, of the claim upon which the petition is based, for the sum of $300, which by the terms of the agreement of settlement was to be left with defendant's agent, Harry Niedorp, and for which plaintiff was to issue his receipt in full; that the amount was to be delivered to N. D. Biles & Company, lumber dealers, and that after said agreement, defendant delivered its draft for $300 to said Niedorp to be delivered to said Biles & Company; that said Niedorp, at all times thereafter, has been able and willing to pay the amount so

agreed upon, but that plaintiff has refused to accept said amount in full settlement, or to consent to its payment to said Biles & Company; that defendant "now tenders into court the said draft," in compliance with said agreement.

The reply alleges that plaintiff was ignorant of his rights under the law, to the effect that the value of his property, as stated in terms in the policy, could not be, disputed by defendant; that he relied upon the false and fraudulent statements of defendant to the effect that he could not recover in excess of $300 under the terms of the policy and the further statement that such sum would be paid him immediately upon his agreement to accept $300 in full, and that said agreement was without consideration; that defendant did not comply with the terms of the agreement in that it did not pay plaintiff the said $300 at once and did not tender same for more than sixty days thereafter.

The reply further states that except for the fraudulent misrepresentations of defendant that he would not be permitted to recover the full amount of insurance named in the policy, and that the money was to be paid him immediately, he would not have agreed to said sum; that defendant did not comply with the terms of the agreement; that at the time of the destruction by fire of the property insured, plaintiff was indebted to the N. D. Biles Lumber Company in the sum of $180, and that said sum was secured by a lien upon the dwelling house which was destroyed by the same fire which destroyed the household goods in question; that it was agreed at the time of such purported settlement that the Biles Lumber Company's claim should be deducted from the amount of the settlement for the destruction of the house, and that said Biles Lumber Company had no claim of any kind or character against any sum or sums to be obtained in a settlement for loss of the household goods.

Upon the pleadings thus made, the cause was tried to the court and jury. At the close of plaintiff's evidence and again at the close of all the evidence, defendant asked, and the court refused, an instruction in the nature of a demurrer. The cause was submitted to the jury and resulted in a verdict for plaintiff in the sum of $540. Thereupon defendant filed its motion for a judgment *non obstante veredicto* which is in words as follows:

"Comes now the defendant in the above-entitled cause and respectfully states and shows to the court that notwithstanding the verdict of the jury in this case for the plaintiff, the defendant is entitled to judgment because there was a dispute between the parties, plaintiff and defendant, as to the property removed from plaintiff's building before the fire, and in reference to depreciation and salvage. The verdict of the jury recognizes this fact in the amount returned by the jury, it being less than the full amount of the policy, and is, therefore,

a finding in favor of defendant upon the issue. If there was a dispute, then plaintiff was not entitled to recover in this case."

The motion was overruled, as was also defendant's motion for a new trial. Defendant appealed.

It is charged the court erred in refusing, at the close of all the evidence, to give a peremptory instruction to the jury to find for defendant. The position of defendant in this respect is expressed as follows:

"The plaintiff sought to recover the full amount of the policy covering household furniture under some statute with which we are not familiar, without proving the cash value of the property at the time of the loss; on objection of Avery the court excluded offer of defendant to prove the actual cash value of the property at the time of the loss and the burden being upon the plaintiff to prove the actual cash value of the property at the time of the loss, the peremptory instruction requested by defendant should have been given."

It is argued that plaintiff sought to set aside the settlement evidenced by the verified proof of loss, on the theory that defendant falsely and fraudulently represented to plaintiff that he was not entitled to the full amount of the policy, and that under some mysterious statute plaintiff was entitled to the full amount of the policy, less depreciation and goods removed from the dwelling prior to the fire, without regard to cash value, and also that plaintiff was to receive $300 at once; that the proof of loss was signed September 2, 1924, and no provision is contained therein for the payment of the money at once; the draft arrived in St. Joseph October 16th, so that there was no evidence authorizing the court to consider the question of false and fraudulent representations and time of payment, and therefore, the demurrer should have been sustained.

In Smith v. Ins. Co., 195 Mo. App. 379, 384, 191 S. W. 1034, this court, in construing sections 7020 and 7030, Revised Statutes 1909, held that the extent of liability for loss of a building and loss of personal property is determined by different rules; that as to appurtenances to realty, in case of fire, the property is taken as worth the amount for which it is insured by the policy less any deterioration between the date of the issuance of the policy and the date of the fire, and the burden of proving the amount of such deterioration is on the insurer. [Sec. 7020, R. S. 1909; Stevens v. Ins. Co., 120 Mo. App. 88; Havens v. Ins. Co., 123 Mo. 403.] While, on the other hand, as to personalty, the property is taken as worth not the amount for which it is insured, but the amount of insurance is conclusively presumed to be only three-fourths of its value under section 7030, Revised Statutes 1909 (6239, R. S. 1919), which provides that "no company shall take a risk . . . at a ratio greater than three-fourths of the value of the property insured, and when taken, its value shall not be questioned in any proceeding." Under the amendment of 1919 (Session

Laws, p. 386) commonly known as the valued policy act, section 7020, Revised Statutes 1919 (6229, R. S. 1919), remained the same as applied to appurtenances to real estate, while section 7030, Revised Statutes 1909, was modified by section 6239, Revised Statutes 1919, as follows:

"*Provided further,* that in all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured thereon on said property covering both real and personal property; *and provided further,* that nothing in this section shall be construed to repeal or change the provisions of section 6229 of the Revised Statutes of 1919."

The rule enunciated in the Smith case, supra, still remains the law and is applicable to real estate.

Defendant insists, and properly, that where the insurance is on personal property which is necessarily of a changeable character, the burden of proof is on plaintiff to show the value of the property at the time of the fire. [Strawbridge v. Fire Ins. Co., 193 Mo. App. 687; Sharp v. Fire Ins. Co., 164 Mo. App. 475.] Plaintiff claims he sustained this burden by showing total loss of the goods insured, but this is not sufficient. Section 6239 fixes the value thereof at the amount named in the insurance policy, but it has been held there must be a showing of the value of the goods at the time the fire occurred. Whether the proof offered by plaintiff on this point is sufficient was a question for the jury, and the overruling of the demurrer was not error.

Defendant also urges there was no evidence of any kind or character authorizing the court to consider the question of false and fraudulent representations as to plaintiff's rights under the policy, and as to the time of payment. We think this position is correct. Plaintiff had the policy and therefore the information at hand to show whether he was being defrauded or not. True, he testified that the alleged misrepresentations were made to him by defendant's adjuster, and that he relied upon said representations in his agreement to accept $300. The adjuster denied he had made such statements and promises. However, we find no instruction directing a finding on the alleged false and fraudulent representations and the point, therefore, requires no ruling by this court. The court did require the jury to find, on the question of the alleged promise by defendant, that the $300 would be paid at once, and if they found such promise was made, that it was relied upon by plaintiff and was a material inducement to him to enter into such settlement, and that such sum was not paid to him immediately thereafter, that plaintiff was not bound by such settlement. The rule is that if immediate payment was a part of the consideration, it became of the essence of the contract of settlement and a condition pre-

cedent to its validity. [Biddlecom v. Acc. Ins. Co., 167 Mo. App. 581; Riley v. Kershan, 52 Mo. 224.] The question was submitted in a proper instruction.

Error is charged in the giving of instruction "A" for plaintiff, especially to the clause reading "you are further instructed that the burden of proof of depreciation, if any, is upon the defendant." This clause clearly is an error and it is so conceded by plaintiff. It is a simple rule of law that errors in instructions are presumed to be prejudicial, and this rule is not disputed by plaintiff. It was held in Perry v. Van Matre, 176 Mo. App. 100, 107:

"Where an error in an instruction to a jury occurs at a trial, and it is followed by a result prejudicial to the excepting party (as, for instance in this case, by an adverse verdict) a reviewing court cannot properly consider the error otherwise than as a cause contributing to that result, unless the exact bearing it has had thereon can be discerned, and is found to have been harmless to the rights of the complaining party. This is all that is meant by the declaration that has occasionally been made to the effect that 'error is presumptively prejudicial.' The burden is always on the appellant to convince the court, not only that error was committed against him, but that it was prejudicial . . . When no injury could result from the giving of an erroneous instruction, there is no cause for disturbing the judgment."

We must hold the error in plaintiff's instruction was prejudicial and therefore reversible error.

Defendant complains that the court erred in refusing to permit it to show the cash value of the property remaining in the house at the time of the fire. The record fails to show that the court made such ruling. As shown by the record defendant's offer was to show that "the amount of furniture left after part of the furniture had been removed was of less value than $300."

"THE COURT: Well, the objection will be sustained. Now the court is permitting you to show what was moved out, if you care to do that.

"MR. CROW: Well, we want to show what remained.

"THE COURT: Well, the objection will be sustained."

As will be seen this was an attempt to show the value of the household goods at the time the policy was issued. Under the provisions of section 6239, Revised Statutes 1919, this may not be permitted. [Strawbridge v. Ins. Co., 193 Mo. App. 687.] The orderly process in proving the cash value of property, as contemplated by the statute, is to take the value of the property at the time of the issuance of the policy, as stated therein ($600 in the case at bar) and deduct from it the depreciation and other proper deductions through loss or otherwise. We find no error in the ruling of the trial court in excluding defendant's evidence on this point.

The only question remaining for our consideration is the charge that the court erred in not sustaining the motion to render judgment for defendant notwithstanding the verdict, but this question has been sufficiently answered and determined against defendant in what has been said above.

For error in instruction "A" for plaintiff, the judgment is reversed and the cause remanded for a new trial. *Bland, J.*, concurs; *Trimble, P. J.*, absent.