LOUIS FARBER, RESPONDENT, v. BOSTON INSURANCE COMPANY, APPELLANT.*

Kansas City Court of Appeals. May 24, 1926.

692

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, p. 566, n. 79, 82; Trial, 38Cyc, p. 1653, n. 11 New; p. 1784, n. 85.

*W. B. Norris* and *Strop & Silverman* for respondent.

*John S. Boyer* and *Crow & Newman* for appellant.

ARNOLD, J.—This is an action to recover on a policy of fire insurance in the sum of $1000 issued by defendant upon a stock of merchandise owned by plaintiff, located at 1214 South Sixth street in the City of St. Joseph, Mo.

This is a second appeal of this cause to this court. The opinion on the former appeal is found reported at 256 S. W. 1079. The record on this appeal in all material matters is substantially the same as presented on the former hearing, and for the facts we refer to the former opinion wherein the same are fully set out. The record in the present appeal shows there was a verdict for plaintiff for the full amount of his policy, with interest, amounting in total to $1221.-20. A timely motion for a new trial was overruled and the defendant has appealed.

It is charged the court erred in giving instruction No. 7 for plaintiff. This instruction told the jury that defendant was not permitted to deny that at the time the policy sued on was issued and delivered, the property thereby insured was worth the full amount of the insurance represented by that policy and all other existing policies upon the property. This instruction was based upon sections 6229 and 6239, Revised Statutes 1919, of the valued policy act and that it properly declares the law as provided in these sections, cannot be questioned. Defendant's objection to the instruction is that the value of the stock insured at the time the policy was issued was a question for the jury in that it formed a basis for the proper determination of the value at the time of the loss, and the case of State ex rel. v. Cox, 270 S. W. (Mo.) 113, is cited in support of such contention.

We cannot accept the rule in the Cox case as supporting defendant's position, for, in that case the court held that an instruction assuming the value of the property insured at the time of the fire, is improper. This is not a valid objection against the instruction. Moreover, in-

structions 5 and 6 for plaintiff properly declare the law as to the value of the property at the time of the fire, and these instructions must be held to be not in conflict with instruction No. 7.

There is a charge of error in the giving of instruction No. 8 for plaintiff. The objection is that this instruction told the jury there was no evidence that plaintiff had violated the provisions of the policy requiring an exhibition of the remains of the damaged property at any time. The clause of the policy covering this requirement is as follows:

"The insured as often as required shall exhibit to any person designated by this company all that remains of any property herein described."

On this point defendant insists it selected a Mr. Burt and a Mr. Cobb to examine and inventory the property, under the terms of that clause of the policy. It is charged these men so selected were denied the privilege of examination and inventory and therefore the instruction was wrong.

In ruling on the point urged, it is deemed necessary to go to the record for facts. The testimony shows that the fire occurred on February 11, 1921; that insurance companies other than defendant herein had existing policies upon the property; that there was a common adjuster for the insuring companies who, within a few days after the fire, requested and was granted the privilege of having the stock inventoried. It appears the adjuster selected for such purpose two men, a Mr. Saurain and a Mr. Perry, from St. Joseph wholesale houses, one from a shoe house and the other from a dry goods house. Plaintiff's stock is shown to have been general. It is shown that these two men examined the remains of the insured property, inventoried, valued and listed it and delivered such inventory to the common adjuster. It seems that a few days later there was a conference between said adjuster and plaintiff's attorney whereat defendant being satisfied as to the value of the loss sustained, offered to pay a stipulated sum in settlement thereof, which offer was refused.

Thereafter on May 11, 1921, plaintiff requested an appraisement and in accordance with the terms of the policy, plaintiff named an appraiser and requested defendant to name one, but it appears there was no compliance with this request. The record shows this suit was instituted on September 14, 1921. In the spring of 1922, defendant requested and was granted the privilege of sending two men to look over the remains of the merchandise, viz., Mr. Burt and Mr. Cobb, but Mr. Burt only was produced as a witness by defendant. His testimony is that he visited the place of the fire and, after some delay, was admitted inside the building; that he did nothing there to make an appraisement of the property, or to make notations; that he had no pencil or paper but only went to see that the roof was off

the building, that it was wet inside and everything was heaped up and was topsy-turvy; that he remained in the building as long as necessary; that he was told he could survey the remains but should not touch anything; that he only went to see.

It appears that no other request for an exhibition was made by defendant either before or after this visit. Upon this state of the evidence, we must hold the action of the court in giving instruction 8 was proper. [Schusterman v. Ins. Co., 253 S. W. 91, 95; Mercantile Co. v. Ins. Co., 152 N. W. (Minn.) 650; Brown v. Ins. Co., 197 Mo. App. 317, 327, 195 S. W. 62; Mathews v. Modern Woodmen, 236 Mo. 326, 342, 139 S. W. 151; Still v. Ins. Co., 185 Mo. App. 550, 553, 172 S. W. 625.]

It is charged the court erred in refusing defendant's instruction ''C'' and substituting therefor on the court's own motion, instruction J. As offered, instruction C is as follows:

''The court instructs the jury that if you believe from the evidence in this case that at the time the offer to pay was made as shown by the evidence, the defendant and its agents had no knowledge of any fact that would cause said defendant or its agents to believe that plaintiff had burned the property then the offer to pay was not binding upon defendant and is no evidence of liability.''

Instruction J strikes therefrom the clause ''and is no evidence of liability'' and reads as follows:

''The court instructs the jury that if you believe from the evidence in this case that at the time the offer to pay was made as shown by the evidence, the defendant and its agents had no knowledge of any fact that would cause said defendant or its agents to believe that plaintiff had burned the property, then the offer to pay was not binding upon defendant.''

On the former appeal in this case we discussed this matter fully and determined the question against defendant's contention (Farber v. Ins. Co., 256 S. W. 1079) and we need not repeat the ruling here.

Finally, it is contended, that the court erred in refusing defendant's instruction E. This instruction sought to tell the jury that if plaintiff kept merchandise in the warehouse on the west end of the lot mentioned in the evidence, and that the warehouse was disconnected, and did not form a part of the room at 1214 South Sixth street, and that the merchandise covered by the policy was moved, from time to time, from the store room to the warehouse and *vice versa*, they must find for defendant.

We hold the instruction was improper, first, because not based upon evidence of record. It is not shown that any merchandise was kept by plaintiff in the warehouse. There is testimony which shows that plaintiff delivered goods through the warehouse to the alley in the rear. There is no evidence of record tending to show that at the time

of the fire any merchandise was stored in said warehouse. The policy covered plaintiff's stock only while located in a shingle roof frame building located at 1214 South Sixth street and therefore did not cover any part of plaintiff's stock except that in the premises so described. There being no showing that any of plaintiff's stock was kept in the said warehouse at the time of the fire, the refusal of defendant's instruction E was proper. This ruling is not in conflict with State ex rel. v. Ellison, 269 Mo. 410. We find no reversible error of record and the judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.

