Everett HOGUE (Claimant), Respondent,

v.

Hugo WURDACK, Employer, and Employ-
ers' Liability Assurance Corporation,
Ltd. (Insurer), Appellants.

No. 46680.

Supreme Court of Missouri,

Division No. 1.

Oct. 13, 1958.

Sherwood R. Volkman, St. Louis, for ap-
pellants.

L. Clark McNeill, Geo. F. Addison, Sa-
lem, for respondent.

HOLMAN, Commissioner.

In this workmen's compensation case the
employer and insurer have appealed from
the judgment of the circuit court affirming
the award of the Industrial Commission.
That award allowed the claimant-em-
ployee, Everett Hogue, compensation for
disability, disfigurement, and medical ex-
pense in the aggregate sum of $7,770.75.

Hugo Wurdack, a resident of St. Louis,
Missouri, owned a large farm in Crawford
County consisting of 1,156 acres. Claim-
ant lived upon the farm and was locally
in charge of the farming operations. It
was primarily a stock farm, although some
grain and other feed were produced. He
was injured on January 31, 1953, in a
manner described by him as follows: "I
was preparing to haul hay and the tires
on the trailer were low of pressure so I
took those off and put them in the trunk
of my car and sent them over to the free
air station to air them up, and I was plac-
ing one back on the trailer, and the rim
blew off and hit me." According to Dr.
Hart, "he had the worst head injury I
have ever seen a man survive. * * *
The whole upper jaw * * * was loose
and disengaged from the rest of the skull."

The award now before us for review is the second final award which the Industrial Commission has made in this case. Both awards, however, were in the same amount. Following the entry of the first award on October 19, 1954, the employer and insurer appealed to the circuit court where a judgment was entered affirming the award. The employer and insurer then appealed from that judgment to this court but we transferred the cause to the Springfield Court of Appeals because a contingency existed under which liability for the payment of the award might be terminated before a sum in excess of $7,500 had accrued and hence we could not say with certainty that the amount in dispute exceeded that sum. Hogue v. Wurdack, Mo.Sup., 292 S.W.2d 576.

Mr. Wurdack, in the operation of this farm, would ordinarily be exempted from the operation of the provisions of the Workmen's Compensation Act. Section 287.090. (All statutory references are to RSMo 1949, V.A.M.S.) However, on June 24, 1931, he filed with the Missouri Workmen's Compensation Commission (now Industrial Commission) his notice of election to accept the provisions of said Act as provided in Section 287.090, subd. 2. That notice stated that the election was applicable to "farm labor and domestic servants" upon his "farm or private estate." In that instrument he requested that three printed notices of "Employer's Acceptance of Law" be sent to him, and the transcript indicates that the Commission complied with that request. It may also be noted that on July 12, 1934, Wurdack filed his acceptance of the amendment relative to occupational diseases and requested four printed notices which were sent to him. Moreover, it is apparent that the employer obtained a policy of workmen's compensation insurance, as the Employers' Liability Assurance Corporation is conducting the defense of this claim as the employer's insurer.

However, in order for an exempted employer to bring himself within the provisions of the Workmen's Compensation Act, it was (on the dates in question) not only necessary that he file the notice of election to accept the same, but he must also keep "posted in a conspicuous place on his premises a notice thereof to be furnished by the commission * * *." Section 287.090, subd. 2.

While it has no effect upon this claim, it may be of interest to note that the foregoing statute has since been amended so as to dispense with the requirement of posting a notice and providing that an exempted employer may come within the provisions of the Act "by filing with the commission notice of his election to accept the same, or by the purchasing and accepting by the employer of a valid compensation insurance policy * * *." Laws of Missouri, 1957, pp. 579, 580, V.A.M.S.

Upon the first appeal the appellants raised a number of contentions, one of which was that claimant was not entitled to an award for the reason that he had failed to prove that Hugo Wurdack had complied with the requirements of Section 287.090, subd. 2 so as to bring himself and his farm employees under the provisions of the Act. Specifically, it was contended that claimant failed to prove that Wurdack had kept posted in a conspicuous place upon his premises a notice of his election to accept the Act. In its opinion the court of appeals ruled all of the appellants' contentions adversely to them except the one relating to the failure of proof as to keeping the notice of acceptance posted upon the premises. As to that issue, it was ruled that the claimant had failed to present any proof of a substantial compliance by Wurdack of the requirement of Section 287.090, subd. 2 that the notice of acceptance be kept posted upon his premises. The court of appeals stated, however, that, "it being apparent that the claim is meritorious and that all available evidence bearing upon the posting and maintenance of notices was not developed at the prior hearing, the cause should be remanded for rehearing rather than reversed outright."

Hogue v. Wurdack, Mo.App., 298 S.W.2d 492, 501.

The cause was remanded to the Industrial Commission and a hearing was held by the said commission on June 25, 1957, which was limited to the issue as to "the posting of notice by Mr. Wurdack that he had elected to accept the Missouri Workmen's Compensation Act." On July 16, 1957, the commission entered an award providing for the payment to claimant of the following sums: medical aid, $770.75; compensation (200 weeks at $30), $6,000; facial disfigurement, $1,000—a total of $7,770.75. In that connection the commission made findings of fact to the effect "that previous to the date of the accident herein the employer had posted notice of his election to accept the Missouri Workmen's Compensation Law; that the same was posted in a conspicuous place on the employer's premises; that the employer continuously maintained said posted notices thereafter and that said posted notices were in fact conspicuously posted on employer's premises on January 31, 1953, the date of the accident herein."

In due course the employer and insurer again appealed the cause to the circuit court where a judgment was entered affirming the award. They have duly perfected their appeal from that judgment to this court. In considering the question of our appellate jurisdiction we note that the situation is different from that which existed at the time of the first appeal. Prior to the time the instant appeal was taken all of the weekly payments provided for in the award had accrued and become payable so that we can now say with certainty that the amount in dispute ($7,770.75) exceeds the sum of $7,500, and hence our jurisdiction accordingly becomes apparent. Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.

The sole point raised by appellants upon this appeal is that "the award of the Industrial Commission as affirmed by the Circuit Court of Crawford County, Missouri, should be reversed because the award is not supported by competent and substantial evidence as to keeping posted notices signifying acceptance of the Workmen's Compensation law, and thus the Commission had no jurisdiction to issue an award." We will therefore make a brief statement of the evidence adduced upon the issue presented.

The claimant offered four witnesses who testified upon the issue indicated. Robert Van Pelt, a newspaper publisher and photographer, identified pictures he had taken at the Wurdack farm shortly before the last hearing. One of the pictures, Employee's Exhibit D, showed a post inside the barn located just to the right of the door. That photograph disclosed a rectangular area on the post, about the size of the notice in question, where the wood had been discolored by being covered. In one corner of the discolored area there was an old cardboard corner which appeared to have been a part of a removed sign and which was held on the post by a large tack. These facts are substantially shown by the photograph and are supplemented by the testimony of the witness as to what he saw at that place. The photograph we have described was used in connection with the testimony of subsequent witnesses and tended to corroborate their testimony to the effect that a notice had been posted and maintained on the post shown therein. Other photographs in evidence showed that various printed notices entitled "Notice of Employer's Acceptance of Law," dated in August 1956, were posted upon the premises.

The claimant's wife, Mrs. Frances Hogue, stated that shortly after they moved to the farm in 1940 she saw a notice that had been posted just inside the barn to the right of the front door. She was shown Employee's Exhibit D and identified the rectangular spot on the post shown thereon as the place where she had seen the notice; that "one of those notices hung there for years"; that there was another notice posted in the harness room at the

back of the barn. When asked what was stated upon the notices Mrs. Hogue replied, "I don't know exactly what they said, but I know they did concern compensation. It was a very important notice."

The next witness was Rainey Butts who stated that he had been employed on the Wurdack farm for more than a year during the years of 1944 and 1945. He testified that while working there he had seen a notice or poster nailed to the post shown in Employee's Exhibit D, but that he did not know what was stated on the notice.

William Earl Chapman also testified on behalf of claimant. He stated that he lived in the neighborhood of the Wurdack farm and during the years of 1948, 1949, 1950, and 1951, had exchanged work with Everett Hogue from time to time and in so doing was frequently in the Wurdack barns. He related further that during the years he worked there he had seen a notice posted on the post shown in the photograph heretofore described; that he didn't remember very much about what the notice said except that it had to do with workmen's compensation; that he had never seen a notice of that kind on any other farm either before or since that time—it was "just something extra to me."

On behalf of appellants, Hugo Wurdack testified that he had not posted nor had anyone else post any notices of his acceptance of the Missouri Workmen's Compensation Act upon the farm where claimant was injured. Mrs. Wurdack was also a witness but she couldn't say definitely whether or not any notices of acceptance were posted on the farm, "I wouldn't say they were there or they were not there." In connection with that evidence appellants also point to the fact that during the cross-examination of Mr. Hogue at the first hearing he stated that he had not seen any notices posted on the premises.

"In reviewing a compensation case we have the duty to determine whether the Commission's award is supported by competent and substantial evidence upon the whole record. Sec. 22, Art. V, Const. of Mo. 1945, V.A.M.S. This court has said that 'This does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. But it does authorize it to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence. * * * Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55, 62.

"In determining whether the Commission could have reasonably made its findings, and reached the conclusion it did reach, upon consideration of all the evidence before it, we view the record in a light most favorable to the findings of the Commission, consider the favorable inferences which the Commission had a right to draw from the evidence before it, and then determine whether the Commission's findings, even if supported by competent and substantial evidence, are contrary to the overwhelming weight of evidence in the whole record. Thacker v. Massman Const. Co., Mo.Sup., 247 S.W.2d 623, 627." Francis v. Sam Miller Motors, Mo.Sup., 282 S.W.2d 5, 11, 12.

We are convinced that the evidence most favorable to claimant, which has been heretofore detailed, is substantial and sufficient to support a finding that a notice of employer's acceptance of the Act was kept posted in the barn on the premises from 1940 until the date of Mr. Hogue's injury. The transcript indicates that the printed notices had been requested by Mr. Wurdack and sent to him by the Commission. Three witnesses had seen a printed notice on a certain post in the barn at various times from 1940 until 1951. While they could not state in detail what was printed on the notice, they knew that it referred to "com-

pensation" and "workmen's compensation." Under the circumstances that testimony was sufficient to warrant the inference that the poster was a notice of employer's acceptance of the Act.

 We do not think it was required that claimant prove by direct evidence that the notice was displayed on the post on the very day he was injured. The proof made would indicate a substantial compliance with the statutory requirement in regard to posting the notice. Moreover, we think this is a proper situation for the application of the rule that "Where the existence at one time of a certain condition or state of things of a continuous nature is shown, the general presumption arises that such condition or state continues to exist, until the contrary is shown by either circumstantial or direct evidence, so long as is usual with conditions or things of that particular nature." Brock v. Gulf, Mobile and Ohio Railroad Co., Mo.Sup., 270 S.W.2d 827, 832. Since there was evidence that the notice was on the post during 1951, it would seem reasonable to presume that it remained there until January 31, 1953, the date of the injury.

As heretofore stated, Mr. Wurdack testified that he had not caused any notices to be posted upon the farm in question. We do not attach much significance to that testimony as the witness was quite old at the time and obviously did not give much personal attention to the operation of the farm. That is particularly indicated by his testimony to the effect that he had not posted nor apparently ordered the posting of the notices that were posted on the premises in August 1956.

In connection with the determination of the issue before us we have not overlooked the fact that claimant, on the first hearing, testified that he had not seen any notices. While that is difficult to understand, it would seem that the evidence is of a negative nature and would not be sufficient to destroy the weight to be accorded the positive evidence of several witnesses that the notice was maintained in the barn.

 We conclude from our review of the whole record that the finding of the Industrial Commission upon the issue under consideration is supported by competent and substantial evidence and is not contrary to the overwhelming weight of the evidence.

On March 3, 1958, respondent filed a motion to dismiss the appeal herein, which motion was ordered taken with the case. We consider it unnecessary to extend this opinion by a discussion of the merits of that motion and it is accordingly overruled.

The judgment is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.