John **DUCKWORTH** and Rosemary Duckworth, Plaintiffs-Respondents,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY**, Defendant-Appellant.

No. 33520.

St. Louis Court of Appeals, Missouri.

Feb. 24, 1970.

Adolph K. Schwartz, St. Louis, for appellant.

Benson Cytron, House Springs, for respondents.

WEIER, Commissioner.

On August 31, 1966, fire completely consumed the frame clubhouse of Mr. and Mrs. John Duckworth, together with the contents of the building. They had previously purchased fire insurance from defendant, United States Fidelity and Guaranty Company, on May 25, 1966. The policy provided $5,000.00 coverage on the building and $2,000.00 on the contents. The defendant insurance company paid the $5,000.00 on the building, but contended that the personal property destroyed could not have a value of $2,000.00. In order to show a less-

er value the defendant tried to develop on cross examination of Duckworth the amount of the purchase price paid in May of 1966. Objection to such inquiry was sustained by the trial court. Defendant then offered to prove that the building and all of the contents were purchased for $2,000.00 and that the contents could not exceed $500.00 in value. The court did not change its ruling. When the defendant indicated it had no evidence after plaintiffs closed their case, the trial judge, sitting without a jury, found for plaintiffs and awarded them $2,000.00 with interest.

■ It was defendant's contention in the court below and it remains the principal issue on appeal that the valued policy laws of Missouri are limited in their application to insurance against loss by fire of improvements on real property and are inapplicable to policies of fire insurance on personal property. We find that the valued policy statutes are not limited to real estate, but apply as well to personal property.

Defendant's attack, although frontal, does not have the simplicity of force such as may be found in the mere weight of authority. At defendant's side are three venerable cases of this court and a reasoned analysis of the statutory enactments. Plaintiffs, on the other hand, are in a position to repulse this attempt to unseat an interpretation of our statutory law with Missouri decisions in depth.

More specifically, defendant says that the valued policy statutes of Missouri are Sections 379.140 and 379.145, RSMo 1959, V.A.M.S. Section 379.140 provides that in suits brought on policies providing coverage for loss or damage by fire, the insurer "shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property." It further directs that in case of a total loss, the measure of damages shall be the amount for which the same was insured, less any depreciation in value the property may have sustained between the date insured and the date of loss. The burden of proving depreciation is placed on the insurer. In case of partial loss, the measure is that portion of the value of the whole property as determined above, which the part damaged bears to the whole property insured.

Section 379.145 provides the same rule for multiple policies on the same property so that the aggregate of the policies shall be considered the value when policies are issued, except in cases of willful fraud or misrepresentation. It applies the same rule as to measure of damages and then limits the application of the two sections to real property.[1]

Defendant urges that these two sections are the only true valued policy statutes in Missouri and that they apply only to real estate as is specifically stated. It further says that plaintiffs ignore these sections and instead mistakenly rely on Section 379.160, subd. 3, RSMo 1959, V.A.M.S., as a valued policy statute; whereas this section is the "'Uniform Policy Act" and the provision therein found, which forbids any insurance company from denying the value of real or personal property, merely fixes the value for policies of co-insurance which are not involved in this case. This is for the reason, that a co-insurance provision immediately precedes the clause fixing value.

What is now Section 379.160 was enacted in its original form and approved March 18, 1895. It related to fire insurance and the form of policies. In its concluding

1. After enactment as Section 6009, RSMo 1879, this statutory law became a part of every fire insurance policy written on real property in the state. Havens v. Germania Fire Insurance Co., 123 Mo. 403, 27 S.W. 718, 26 L.R.A. 107. And was held to be constitutional. Daggs v. Orient Insurance Co., 136 Mo. 382, 38 S.W. 85, 35 L.R.A. 227, 58 Am.St.Rep. 638, affirmed 172 U.S. 557, 19 S.Ct. 281, 43 L.Ed. 552.

clause, it prohibited any company from taking a risk on any property greater than three-fourths of the value of the property insured, and, when taken, the clause forbid that the value so stated should be questioned in any proceeding. Howerton v. Iowa State Ins. Co., 105 Mo.App. 575, 80 S.W. 27. In construing this section, this court in Howerton said: "This law was passed subsequent to the enactment of sections 7969 and 7970 [Now Sections 379.140, 379.145], which provided for valued policies on real estate, but expressly recited that they should have no application to personal property. It follows that, if the law enacted in 1895 is inconsistent with those sections, in so far as it is inconsistent with them it takes precedence of them, as an amendment of the law." 1. c. 29. This court then went on to hold that Section 7979 (now Sec. 379.160) was a valued policy law that applied to both real and personal property, pointing out that the Kansas City Court of Appeals had arrived at the same conclusion in Gibson v. Missouri Town Mutual Ins. Co., 82 Mo.App. 515. The opinion noted that the Gibson case was the only opinion down to the time of Howerton (1904) that had considered this section. In the other cases, according to Howerton, the section apparently had not been called to the attention of the courts or passed on.

By amendment of 1919 (Session Laws, p. 386) Section 7030, RSMo 1909, was changed to its present form (now Sec. 379.160) so that the provision relied on by plaintiffs appeared in Section 6239, RSMo 1919, and in subsequent revisions to the present as follows:

"* * * *Provided, further*, that in all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property covering both real and personal property; * * *."[2]

Since the inception of the statute in 1895, and after the amendment of 1919, many cases involving claims under policies of insurance for loss of personal property by fire have been passed on by our appellate courts in which Section 379.160, subd. 3, in both its present and prior phrasing, has been construed as a valued policy law applicable to personal property.[3] Under

---

2. See Avery v. Mechanics' Ins. Co. of Philadelphia, 222 Mo.App. 467, 280 S.W. 726, 729 [1, 2].

3. The extent of these cases and the particular property involved in each may be shown by this partial catalogue:
*Missouri Supreme Court:* State ex rel. North British & Mercantile Ins. Co. v. Cox, 307 Mo. 194, 270 S.W. 113 (1925), Railroad car and contents; State ex rel. Burton v. Allen, 312 Mo. 111, 278 S.W. 772 (1925), Horses; Curtis v. Indemnity Co. of America, 327 Mo. 350, 37 S.W.2d 616 (1931), Automobile.
*St. Louis Court of Appeals:* Howerton v. Iowa State Ins. Co., 105 Mo.App. 575, 80 S.W. 27 (1904), Stock of merchandise; Stevens v. Norwich Union Fire Ins. Co., 120 Mo.App. 88, 96 S.W. 684 (1906), Household goods; Johnson v. Williamsburgh City Fire Ins. Co., Mo.App., 205 S.W. 226 (1918), Contents of building; Miller v. Firemen's Ins. Co., 206 Mo.App. 475, 229 S.W. 261 (1921), Stock of goods, furniture and fixtures; Elliott v. Fidelity-Phenix Fire Ins. Co. of N. Y., Mo. App., 267 S.W. 441 (1924), Automobile; Lundberg v. Equitable Fire & Marine Ins. Co., Mo.App., 285 S.W. 741 (1926), Automobile; Wolpers v. Globe & Rutgers Fire Ins. Co., Mo.App., 61 S.W.2d 224 (1933), Household goods; Meier v. Eureka-Security Fire & Marine Ins. Co. of Cincinnati, Ohio, Mo.App., 168 S.W.2d 127 (1943), Trailer.
*Kansas City Court of Appeals:* Gragg & Gragg v. Northwestern Nat. Ins. Co., 132 Mo.App. 405, 111 S.W. 1184 (1908), Merchandise, furniture and fixtures; Crossan v. Pennsylvania Fire Ins. Co., 133 Mo.App. 537, 113 S.W. 704 (1908), Merchandise, furniture, fixtures and household goods; Spickard v. Fire Ass'n of Philadelphia, 164 Mo.App. 1, 146 S.W. 808 (1912), Merchandise and store furniture; Spickard v. Franklin Fire Ins. Co., Mo.App., 146 S.W. 811 (1912), companion case to Spickard, supra; Weston v. American Ins. Co., 191 Mo.App. 282,

this construction of the terms of this section, an insurer will not be heard to deny the full amount for which the property was insured as being its actual value at the time the policy of insurance was issued.

Defendant relies on three cases decided by this court as authority for its position. They are Green v. Lancashire Insurance Co. (1897), 69 Mo.App. 429; Coleman v. Phoenix Insurance Company of Hartford, Conn. (1897), 69 Mo.App. 566; and City of De Soto v. American Guaranty Fund Mut. Fire Ins. Co. (1903), 102 Mo.App. 1, 74 S.W. 1.

*Green* was a suit on a fire policy for loss of household goods. All of the goods were destroyed except a sewing machine. The court found that plaintiff should have been nonsuited for failure to prove the value of the goods. The opinion pointed out that plaintiff's instruction treated the case as though coming under Sections 5897, 5898, RSMo 1889 (now Sections 379.140, 379.145, supra) and emphasizes that the last section expressly limits the application of these sections to real property.

*Coleman* was also a case involving a total loss of personal property. Our court again pointed out that Sections 5897, 5898, RSMo 1889 (now Sections 379.140, 379.145) applied only to real estate. It was therefore incumbent on plaintiff to plead and prove the value of the personal property destroyed by the fire. The court further ruled that the doctrine of aider by verdict could not be applied. But this last portion of the opinion was later overruled by the Missouri Supreme Court in Gustin v. Concordia Fire Ins. Co., 164 Mo. 172, 64 S.W. 178, 180; although here again no mention is made of what is now Section 379.160. (See also Koropchensky v. Goddard, Mo.App., 266 S.W. 343, on this same point).

In *City of DeSoto*, a pest house owned by the city burned, consuming all the furniture. Our court again held that Sections 7969, 7970, RSMo 1899, (now Section 379.140, 379.145) applied to real estate only and that proof of the value of the personalty destroyed was essential to recovery for its destruction. No reference is made to what is now Section 379.160.

It would appear from reading these three cases relied on by defendant that unless the facts therein occurred before March 18, 1895, (which is not disclosed by the opinions and which is the date when the first version of Section 379.160 was approved) this section was not called to the attention of the courts and passed on by them. This last was the explanation in *Howerton,* supra, and seems to be a logical one. In order that there may be no confusion in the future, we hold that Green v. Lancashire Insurance Co., 69 Mo.App. 429; Coleman v. Phoenix Insurance Company of Hartford, Conn., 69 Mo.App. 566; and City of De Soto

177 S.W. 792 (1915), Household goods; Strawbridge v. Standard Fire Ins. Co. of Hartford, Conn., 193 Mo.App. 687, 187 S.W. 79 (1916), Automobile; Harris v. Hartford Fire Ins. Co., Mo.App., 191 S.W. 1037 (1916), Stock of merchandise; Joyce v. St. Paul Fire & Marine Ins. Co., Mo.App., 211 S.W. 390 (1919), Furniture and library; Todd v. Security Ins. Co. of New Haven, Conn., 203 Mo.App. 474, 221 S.W. 808 (1920), Contents of dwelling; Scott v. American Ins. Co., Mo.App., 222 S.W. 1047 (1920), Furniture in storage; Smith v. Aetna Ins. Co., Mo. App., 269 S.W. 682 (1924), Household goods; Farber v. Boston Ins. Co., 221 Mo.App. 691, 288 S.W. 977 (1926), Stock of merchandise; Avery v. Mechanics' Ins. Co. of Philadelphia (2 appeals), 222 Mo. App. 467, 280 S.W. 726 (1926), 222 Mo. App. 31, 4 S.W.2d 871 (1927), Household goods; Bergerson v. General Ins. Co. of America, of Seattle, Wash., 232 Mo.App. 549, 105 S.W.2d 1015 (1937), Household goods; Melugin v. Imperial Casualty and Indemnity Co. of Omaha, Nebraska, Mo. App., 344 S.W.2d 144 (1961), Trailertruck; Riccardi v. U. S. Fidelity & Guaranty Co., Mo.App., 434 S.W.2d 737 (1969), Contents of building.

*Springfield Court of Appeals:* Hilburn v. Phoenix Ins. Co., 140 Mo.App. 355, 124 S.W. 63 (1910), Household goods; Sharp v. Niagara Fire Ins. Co., 164 Mo.App. 475, 147 S.W. 154 (1912), Building and trade fixtures of a tenant; Gould v. M.F.A. Mutual Ins. Co., Mo.App. 331 S.W.2d 663 (1960), House trailer.

v. American Guaranty Fund Mut. Fire Ins. Co., 102 Mo.App. 1, 74 S.W. 1, shall no longer be considered authority in a fire insurance case with regard to fixing the value of personal property totally destroyed by fire.

The value of personal property which is the subject of a suit in a fire loss case against an insurer is fixed by Section 379.160 at the full amount of the insurance policy issued on this property as of the time of the issuance of the policy. Meier v. Eureka-Security Fire & Marine Ins. Co. of Cincinnati, Ohio, Mo.App., 168 S.W.2d 127, 134 [18]. The measure of damages for its total destruction is this value fixed at the date of the policy, less depreciation from that date to time of the fire. Curtis v. Indemnity Co. of America, 327 Mo. 350, 37 S.W.2d 616, 626 [14]. Evidence of repairs and improvements to personal property after date of the policy and before loss, with no suggestion of any depreciation in value during this time, may sustain a finding that the property was reasonably worth the amount of the insurance at the time of loss. Gould v. M.F.A. Mutual Insurance Co., Mo.App., 331 S.W.2d 663, 667 [5].

The case at bar contains enough of the factual elements to sustain the trial court in its finding against defendant in the sum of $2,000.00. The policy called for coverage of $2,000.00. The personal property was completely destroyed three months and five days after the issuance of the policy. Plaintiff removed and cast away some two items of no value and added other items of personal property. There was no suggestion of any depreciation in value. In fact, there was a suggestion that the value had increased due to the addition of many other items to those present when the policy was issued.

Irrespective of the holding by the authorities above cited, defendant argues that none of these cases has considered the final phrase of Section 379.160, which reads:

" * * *; and provided further, that nothing in this section shall be construed to repeal or change the provisions of Section 379.140."

This, defendant contends, would have no meaning, unless we determine that the legislature intended that the so-called "valued policy statute" would remain applicable to real estate only and that the provision in Section 379.160 subd. 3 fixing value at the time of issuing insurance applied only to co-insurance, concerning which, a preceding provision of Section 379.160 had been added to the statute in 1919 when the three-fourths valuation was eliminated (see historical note, Sec. 379.160, V.A.M.S.). Defendant's reason number one: We already had a valued policy statute on real property and there was no need for another one. Reason number two: By the express wording of this provision, Section 379.140 is not to be considered repealed or changed, and in its companion section (379.145) its effect is limited to real property.

In answer to this, we can say that the valued policy provision of Section 379.-160 was enacted after Sections 379.140, 379.-145, as we have heretofore stated. In the provisions of Section 379.140, the measure of damages is specifically set out to be the amount for which the property was insured, less whatever depreciation below this amount the property may have sustained from the date of the policy to the time of loss. Then the statute places the burden of proving such depreciation upon the defendant. No such shift of the burden of proof is found in Section 379.160 which fixes value on insured personal property; and the courts here apply the same rule with regard to the measure of damage as in 379.140, but require the burden of proving no depreciation to be on plaintiff, who would normally have that burden in any law suit. Riccardi v. United States Fidelity & Guaranty Co., Mo.App., 434 S.W. 2d 737, 740 [3]. It is logical to believe the legislature had this distinction in mind at the time it enacted the last proviso on Section 379.160(3) so there could be no change in the direction of Section 379.140

shifting the burden of proving depreciation on cases affecting real estate. Real property, having a greater permanence, resistance to deterioration and less mobility, could be expected to retain its condition and value after the date of issuing of insurance for a longer period and to a greater degree than personalty. The insurer could be expected to be well informed of its depreciation, whereas the owner of personal property would have greater access to proof concerning its depreciation, or its consumption, as in the case of a stock of merchandise. There is no clear showing that the legislature intended otherwise. Such interpretation of the reason for this proviso is in keeping with one of the rules of statutory interpretation and construction to the effect that all statutes relating to the same subject matter should be considered together and harmonized if possible in order that meaning might be given to all provisions. Southwestern Bell Telephone Co. v. Newingham, Mo.App., 386 S.W.2d 663, 668 [13]. This applies even though the statutes are found in different chapters and were enacted at different times. State ex rel. Smithco Transport Company v. Public Service Commission, Mo. (En banc), 316 S.W.2d 6, 12 [6].

■ To construe the portion of Section 379.160 fixing value to relate only to co-insurance policies and not a valued policy law applicable to personal property because of this last proviso would furthermore be contrary to the decisions of all appellate courts of this state, except the three heretofore noted. This last proviso has been in the section ever since the enactment and revision of 1919. It has been re-enacted at each successive ten-year revision of the statutes since that time. At no time has it been considered of any importance in challenging the established construction of the statute. A familiar rule requires that where the legislature, after a statute has received a settled judicial construction by the courts of last resort, re-enacts it, or carries it over without change, or re-incorporates the exact language theretofore construed, it will be presumed that the legislature knew of and adopted this construction. State v. White, Mo.App., 243 S.W.2d 818, 821 [3], affirmed 363 Mo. 83, 248 S.W.2d 841, 843; State ex rel. Smith v. Atterbury, 364 Mo. 963, 270 S.W.2d 399, 403 [3].

■ Our holding in this case disposes of defendant's contention that the trial court erred in rendering judgment for damages to personal property without any evidence of the market value of the property before the fire. One case relied on by defendant, Baird v. Ellsworth Realty Co., Mo.App., 265 S.W.2d 770, 774, is a negligence case which properly holds that the measure of damages for partial destruction of personal property in such a case is the difference between the reasonable market value before and after the occurrence. The other case relied on by defendant (Brown v. Pennsylvania Fire Ins. Co., Philadelphia, Mo.App., 263 S.W.2d 893, 900) involved windstorm not fire damage to real property. Neither case is applicable to the facts with which we here deal.

■ Defendant next contends that the court below erred in assuming that all of the personal property was actually in the clubhouse at the time of fire, because such an assumption would be mere speculation and conjecture. The evidence indicated that no member of the Duckworth family had been to the clubhouse for a week before the fire. Duckworth testified to a lengthy list of items which had been there a week before the fire. He had not removed any of the articles. After the fire he could identify springs from the overstuffed furniture, twisted frames of a chair, the twisted mass of the stove and refrigerator. Nothing else was left. The court could well infer from these circumstances, that the household goods were there at the time of fire and had been destroyed by the fire. Where the existence of a state of things of a continuous nature is established by the evidence, a general inference arises that such state of

things continues to exist, until circumstantial or direct evidence shows to the contrary. Martin v. Sloan, Mo., 377 S.W.2d 252, 256 [2, 3]; Hogue v. Wurdack, Mo., 316 S.W.2d 523, 527 [1]. We cannot indulge in any presumption of unlawful activity and, as suggested by defendant, speculate that thieves may have carried away items or that vandals may have destroyed some of them. Nomath Hotel Co. v. Kansas City Gas Co., 204 Mo.App. 214, 223 S.W. 975, 978 [3].

■ At the conclusion of the trial the court announced from the bench that judgment would be entered against the defendant in the principal amount of $2,-000.00 with interest at 6 per cent, from November 16, 1966. After stating "And the Court will not order or award any vexatious delay penalty in this case", it did allow an attorney's fee in the amount of $250.00. In the judgment entry the court found plaintiffs entitled to attorney's fees in this amount "as provided in Missouri Revised Statutes 375.420." This is the section of our statutes which provides for the imposition of a penalty not to exceed ten per cent of the amount of loss and a reasonable attorney's fee if it appears from the evidence that the insurance company has vexatiously refused to pay such loss. Section 375.420, RSMo 1959, V.A.M.S. This section being penal in nature is to be strictly construed. It is the rule in this state that where there is an open question of law or fact which determines the liability of the insurer, the insurer, acting in good faith, may insist upon a judicial determination of such question or issue without being penalized. In order for plaintiffs to recover for vexatious refusal to pay, they must produce evidence which shows that the refusal was willful and without reasonable cause as the facts would appear to a reasonable and prudent man before trial. Kissel v. Aetna Casualty and Surety Co., Mo.App., 380 S.W.2d 497, 509 [4–6]; Hughes v. Great American Ins. Company, Mo.App., 427 S.W.2d 266, 271 [9].

■ We do not find any willful refusal without probable cause in this case. In a sense this is also in accord with the finding of the trial court, as was evidenced by the trial Judge saying he would not "award any vexatious delay penalty in this case." We believe the record shows good faith on the part of defendant to have a final determination of the legal issues. In the absence of vexatious refusal, attorney's fees should not be allowed. We therefore rule in favor of defendant on this point.

The judgment of the trial court awarding $2,000.00 with interest at 6 per cent per annum from November 16, 1966, against the defendant is affirmed. That portion of the judgment granting the plaintiffs attorney's fees against the defendant in the sum of $250.00 is reversed.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment of the trial court awarding $2,000.00 with interest at 6 per cent per annum from November 16, 1966, against the defendant is affirmed. That portion of the judgment granting the plaintiffs attorney's fees against the defendant in the sum of $250.00 is reversed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.